**In re Daniel W. ZIMMER, Gwendolyn J. Zimmer, Debtors.**

**Paul D. GILBERT, Trustee in Bankruptcy, Plaintiff,**

**v.**

**Daniel W. ZIMMER and Gwendolyn J. Zimmer, Defendants.**

**Bankruptcy No. 3–90–00388. Adv. No. 3–92–0273.**

United States Bankruptcy Court, S.D. Ohio, W.D.

May 20, 1993.

Paul D. Gilbert, Dayton, OH, for plaintiff.

Lee Hohl, Kettering, OH, for defendants/debtors.

## DECISION ON ORDER GRANTING JUDGMENT IN PART TO PLAINTIFF AND GRANTING JUDGMENT IN PART TO DEFENDANTS

WILLIAM A. CLARK, Bankruptcy Judge.

Before the court is plaintiff's complaint requesting a turnover of a portion of the defendants' tax refund. The court has jurisdiction by virtue of 28 U.S.C. § 1334 and the standing order of reference in this district. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(E)—orders to turn over property of the estate.

### FACTS

1) On January 30, 1990, Daniel W. Zimmer and Gwendolyn J. Zimmer ("debtors") filed a petition in bankruptcy pursuant to chapter 7 of the Bankruptcy Code;

2) Debtors' "Statement of Financial Affairs" disclosed that, at the time of filing their petition, they were entitled to receive a tax refund;

3) Each debtor claimed an exemption of $400 in "cash on hand" (including tax refunds) pursuant to Ohio Rev.Code § 2329.66(A)(4)(a);

4) Each debtor claimed an exemption of $400 in "other property" pursuant to Ohio Rev.Code § 2329.66(A)(17);

5) Gwendolyn Zimmer had no income during 1989;

6) Paul Gilbert was appointed attorney for the trustee in bankruptcy on March 29, 1990;

7) At the time of filing their petition in bankruptcy, the debtors were due a tax refund of $1,921.54;

8) In his complaint for turnover of estate property, plaintiff/trustee asserts that only $800 of the debtors' tax refund may be exempted from the debtors' bankruptcy estate.

### CONCLUSIONS OF LAW

In his memorandum of law, the trustee in bankruptcy asserts that:

[O]nly an exemption of $800.00 may be claimed in the tax refund in question. That $800.00 comprises the husband's exemptions under [Ohio Rev.Code] § 2329.66(A)(4)(a) and the husband's exemption under § 2329.66(A)(17). Doc. # 12.

The trustee in bankruptcy contends that, since Mrs. Zimmer did not work during the tax year in question, she has no interest in the tax refund, and therefore no exemption can be claimed by her with respect to the tax refund. The debtors' initial defense to the trustee's claim for turnover is that the trustee is precluded from challenging the debtors' claim for exemptions under the rule announced by the Supreme Court in *Taylor v. Freeland and Kronz*, —— U.S. ——, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992).

In *Taylor* the debtor claimed as exempt property money that she was expecting to win in a discrimination suit she had previously filed against TWA. Although the debtor did not have a statutory right, under either state or federal law, to exempt more than a small portion of such proceeds, she nevertheless claimed the full amount of the proceeds as exempt property. The trustee in bankruptcy doubted that the debtor's law suit had any value and refrained from filing an objection to the debtor's claimed

exemption. Two years after the debtor had filed her petition in bankruptcy, TWA agreed to pay $110,000 to the debtor in settlement of the debtor's law suit. Upon learning of the settlement, the trustee filed an adversary complaint for the turnover of the settlement proceeds as part of the debtor's bankruptcy estate. The Supreme Court strictly interpreted both the Bankruptcy Code and the relevant Federal Rule of Bankruptcy Procedure, and found that the trustee was barred from contesting the debtor's claim for exemption:

> [The debtor] claimed the lawsuit proceeds as exempt on a list filed with the Bankruptcy Court. Section 522(*l*) ... says that "[u]nless a party in interest objects, the property claimed as exempt on such list is exempt." Rule 4003(b) gives the trustee and creditors 30 days from the initial creditors' meeting to object. By negative implication, the Rule indicates that creditors may not object after 30 days "unless, within such period, further time is granted by the court." The Bankruptcy Court did not extend the 30–day period. Section 522(*l*) therefore has made the property exempt. [The trustee in bankruptcy] cannot contest the exemption at this time *whether or not [the debtor] had a colorable statutory basis for claiming it. Id.* at ——, 112 S.Ct. at 1648 (emphasis supplied).

In short, the Supreme Court found that the trustee's failure to object to the debtor's claimed exemption within the 30–day period of Rule 4003(b) prevented the trustee from later challenging the validity of the exemption.

■ Here, the trustee in bankruptcy recognizes the effect of *Taylor* but offers two reasons as to why *Taylor* is inapplicable in this proceeding. The first explanation offered by the trustee rests on the assumption that Mrs. Zimmer did not have a right to any of the income tax refund and is

therefore not entitled to claim an exemption in it:

> To claim an item of property as exempt, the property must belong to the individual claiming it. It's as simple as that! Here the wife does not own any portion of this refund ... (Doc. # 14).

This court agrees that Mrs. Zimmer did not "own" any portion of the tax refund, and, under Ohio's exemption statute and the decisions of this district,[1] is not usually entitled to an exemption in the tax refund. Nevertheless, Mrs. Zimmer did claim an exemption in the tax refund and the difficult question is whether that claim of exemption is enforceable under the rule of *Taylor*, i.e., must a debtor have an interest in property claimed as exempt before the *Taylor* doctrine is applicable?

Section 522(*l*) of the Bankruptcy Code provides that:

> The debtor shall file a list of *property* that the debtor claims as exempt under subsection (b) of this section.... Unless a party in interest objects, *the property* claimed as exempt on such list is exempt (emphasis supplied).

Noteworthy is the fact that the statute refers simply to *property* and does not refer to "an *interest* of the debtor in property" or to "property of the debtor" as is done elsewhere in the Bankruptcy Code.[2] Nevertheless, were this court writing prior to the issuance of the *Taylor* decision, it would have been inclined to find, based on the purposes of the exemption provisions of the Bankruptcy Code, that the operation of § 522(*l*) should be predicated upon a debtor's ownership of an interest in the property. In other words, the court would have found it reasonable to construe § 522(*l*) as containing an implied term—the *debtor's* property. However, the strict approach of the Supreme Court in *Taylor*, as well as its emphasis on finality rather than entitlement to exemptions,[3] causes this court to resist the temptation to remedy perceived

---

1. *See In re Baker,* 82 B.R. 461 (Bankr.S.D.Ohio 1987); *In re Colbert,* 5 B.R. 646 (Bankr.S.D.Ohio 1980); *Matter of Smith,* 5 B.R. 227 (Bankr. S.D.Ohio 1980).

2. *See, e.g.,* §§ 303(b), 362(a)(5), 502(b)(1), 503(b), 507(b), 522(f), 542(d), 544(b), 547(b), and 548(a).

3. "Deadlines may lead to unwelcome results, but they prompt parties to act and they produce

deficiencies in the statutory language of § 522(*l* ).[4]

Therefore, this court concludes that whatever *property* is claimed by a debtor as exempt—whether owned by the debtor or not—is exempt if the trustee does not object within the applicable time limit.[5]

■ The trustee's second reason for not applying the *Taylor* doctrine is that Mrs. Zimmer never sufficiently *claimed* an exemption in the tax refund. The trustee states that:

[I]t should be noted that the only reference to tax refunds in the bankruptcy schedules is found in Schedule B–4 and is listed in substance as follows:

| Type of Property | Location/Description |
| --- | --- |
| Cash on hand | Debtor (including tax refunds) |
|  | Spouse (including tax refunds) |

This terminology fails to specifically state an exemption for the refund in question. The refund was not "cash on hand" since it was not even received when the petition was prepared and filed and therefore could not possibly be "cash on hand." Doc. # 12.

The trustee's description of the debtors' claimed exemption is selective and misleading; more importantly, his conclusion plainly ignores the statutory language of the Ohio exemption statute relied upon by the debtors. The debtors referred to a tax refund in their answer to question 3(c) of the "Statement of Financial Affairs."[6] The full description of the debtors' claimed exemption regarding the tax return is as follows:

| Type of Property | Location, Description | Statute Creating the Exemption | Value Claimed Exempt |
| --- | --- | --- | --- |
| Cash on Hand | Debtor (including tax refund) | 2329.66(A)(4)(a) | $400 |
|  | Spouse (including tax refund) | 2329.66(A)(4)(a) | $400 |

Section 2329.66(A)(4)(a) of the Ohio Revised Code provides a debtor with a $400 exemption in "cash on hand, money due and payable ... *tax refunds* ..." (empha-

---

finality. In this case, despite what respondents repeatedly told him, Taylor did not object to the claimed exemption. If [the trustee] did not know the value of the potential proceeds of the lawsuit, he could have sought a hearing on the issue, see Rule 4003(c), or he could have asked the Bankruptcy Court for an extension of time to object, see Rule 4003(b). Having done neither, [the trustee] cannot now seek to deprive [the debtor] and respondents of the exemption." *Taylor,* —— U.S. at ——, 112 S.Ct. at 1648.

**4.** The Supreme Court's unwillingness to engraft implied terms to § 522(*l*) is evidenced by its treatment of good faith. Although several courts of appeals had previously found that exemptions must be filed in good faith, the Supreme Court stated that "[w]e have no authority to limit the application of § 522(*l*) to exemptions claimed in good faith" and "Congress may enact ... provisions to address the difficulties that [the trustee] predicts will follow our decision." *Taylor,* —— U.S. at ——, 112 S.Ct. at 1649.

**5.** It could be argued that the question of a debtor's ownership of property is an independent inquiry, i.e., separate and distinct from the issue of a debtor's exemption rights. No doubt, in some instances that is true, but here the question of whether Mrs. Zimmer owns an interest in the tax refund is clearly intertwined with the trustee's challenge to her claim of exemption. In fact, the issue of ownership forms one of the bases of the trustee's objection to Mrs. Zimmer's claim of exemption. Where an issue is intertwined with the question of exemption rights, this court believes that the trustee must raise that issue as part of the objection to exemption process and is subject to the 30–day limitation period of Bankruptcy Rule 4003.

**6.** Admittedly, the debtors should also have scheduled the tax refund on Schedule B–2 as personal property. However, there is no evidence to suggest that the trustee was not well aware of this asset of the debtors.

sis supplied). Whether a tax refund is technically "cash on hand" misses the mark. The debtors made it clear that they were each claiming an exemption in a tax refund and that Ohio Rev.Code § 2329.66(A)(4)(a) was the statutory basis for that exemption. Therefore, the exemption under § 2329.66(A)(4)(a) was properly claimed.

Debtors also made an attempt to claim an exemption under the "catch-all" or "wild-card" provision of Ohio Rev.Code § 2329.66(A)(17) which allows debtors in bankruptcy an exemption in the amount of $400 in *any property*. With respect to this claimed exemption, the debtors' schedule B–4 appears as follows:

| Other Property | debtor | (A)(17) | $400 |
| | spouse | (A)(17) | $400 |

The issue is whether this description by the debtors constituted an effective "claim" of an exemption for the tax refund under Ohio Rev.Code § 2329.66(A)(17).

Under § 541 of the Bankruptcy Code, most legal and equitable interests of a debtor become part of the debtor's bankruptcy estate upon commencement of the debtor's bankruptcy case:

> The debtor then may remove some of the property by claiming exemptions under 11 U.S.C. § 522(b). Anything properly exempted passes through bankruptcy; the rest goes to the creditors. The debtor must file "a list of property that the debtor claims as exempt," and "[u]nless a party in interest objects, the property claimed as exempt on such list is exempt." 11 U.S.C. § 522(*l*). If the debtor does not claim an exemption with respect to particular property, the rule of inclusion stated in § 541 controls, and the property goes to the creditors. *Payne v. Wood,* 775 F.2d 202, 204 (7th Cir.1985).

> The trustee and creditors are entitled to fair and complete disclosure of exemption claims; *they are not required to guess as to what property is to be exempted.* Doubts about the amount or items covered by an exemption claim must be clarified by the debtor, on the theory that the debtor is in the best position to know the assets of the estate. *In re Ross,* 128 B.R. 785, 788 (Bankr. C.D.Cal.1991) (emphasis supplied).

> The requirement that the debtor list the property serves at least two functions.

One is to settle claims of title, so that on the day of discharge everyone knows who owns what. The other is to allow the trustee to decide which claims to challenge.... [U]nless the claim of exemption contains sufficient detail to put the trustee on notice of questionable assertions, it will not be possible to administer the statutory scheme. *Payne v. Wood, supra,* 775 F.2d at 206.

■ In the instant case, the debtors simply referred to "other property" as exempt under Ohio Rev.Code § 2329.66(A)(17). Looking only at the debtors' bankruptcy schedules, the court finds that—*absent other circumstances*—this is not an adequate claim of exemption for the tax refund. In this court's opinion, debtors must specify what property is being exempted under the "catch-all" provision of § 2329.66(A)(17) and not merely refer to it by the generic term "other property." This court finds that where a debtor's schedules are too ambiguous to ascertain exactly what property is claimed as exempt, the strict time constraints of *Taylor* are not applicable until the schedules have been clarified *or the trustee is otherwise put on notice* of the precise nature of the debtor's claim of exemption.

The importance of providing detail sufficient to enable parties to decide whether to object is a corollary of the Supreme Court's decision in *Taylor.* The premium on timely objection heightens the demand for accurate and complete lists and

schedules. *In re Mohring*, 142 B.R. 389, 395 (Bankr.E.D.Cal.1992).

In this court's view, there is no conflict between the rule in *Taylor* and today's decision which requires that an exemption be "claimed" before *Taylor* is applicable: [*Taylor*] presented no issue of incomplete description of the property on the schedules. The property claimed as exempt, an employment discrimination lawsuit, was specifically identified on the schedules. The trustee investigated the lawsuit. The debtor cooperated with the trustee, who decided not to object. After the debtor settled for more than the trustee had anticipated and for more than she would have been entitled to exempt, the trustee sought some of the proceeds. Straightforward application of the exemption by default provision of section 522(*l*) precluded him from challenging the exemption after the deadline specified in the rules.

*Taylor* does not suggest what result would pertain if the schedules were too ambiguous to ascertain what was claimed as exempt. In this circuit ambiguities in schedules are construed against the debtor. *Id.* at 394 n. 14.

In the instant proceeding, however, there are specific facts and circumstances which form the basis for permitting the debtors' exemption under the "catch-all" provision of Ohio Rev.Code § 2329.66(A)(17). With regard to Mr. Zimmer, the trustee does not challenge his right to an exemption under § 2329.66(A)(17) and, therefore, Mr. Zimmer's exemption will be allowed.[7]

■ With respect to Mrs. Zimmer, it is necessary to determine when the trustee was put on notice of Mrs. Zimmer's claim to an exemption in the tax refund. On March 20, 1990, the trustee filed an "Application for Appointment as Attorney for Trustee" and stated that:

Now comes ... the duly appointed Trustee in this matter and says that the debtors have a certain income tax refund and that it will be necessary for the Trustee to evaluate said refund and determine whether and to what extent the same is exempt. Your applicant says that there may be an issue as to the exempt status of the same since one of the debtors only worked a portion of the year 1989 and may, therefore, not be entitled to the full exemptions ordinarily allowed for tax refunds under § 2329.66 O.R.C. Your applicant further says that it may ultimately be necessary for him to litigate the matter of the exempt status of all or a portion of said refund.

It is clear then, that whatever the defects in Mrs. Zimmer's schedules with respect to *claiming* an exemption in the tax refund, by March 20, 1990, the trustee was aware that Mrs. Zimmer was making such a claim. By no later than that date, Rule 4003(b) became applicable and the trustee was required to object to the claimed exemption within 30 days.[8] However, the trustee did not file an objection to Mrs. Zimmer's claim for exemption and did not file his request for turnover of funds until August 20, 1992, more than two years after he had been appointed attorney to evaluate the exemptions claimed by the debtors. Therefore, the court finds that once the trustee had notice of Mrs. Zimmer's exemption claim, the rule of *Taylor* became applicable, and the trustee is thereby precluded from challenging the debtors' claims for exemptions at this time.

For the foregoing reasons, an order will be entered which finds that the debtors are entitled to a total exemption of $1,600 in the tax refund and the trustee is entitled to a turnover of the remainder of the refund: $321.54.

---

7. "[A]n exemption of $800.00 may be claimed in the tax refund in question. That $800.00 comprises the husband's exemptions under [Ohio Rev.Code] § 2329.66(A)(4)(a) and the husband's exemption under § 2329.66(A)(17)." Doc. # 12.

8. Further evidence of the trustee's knowledge is found in the interim reports of the trustee. On both April 30, 1991, and October 31, 1991, the trustee informed the court that "it will be necessary to litigate the extent of the debtors' exemptions in connection with the income tax refund."