**Robert A. MERCER, Jr.,**
**Appellant/Debtor,**

v.

**Jason MONZACK, Appellee/Bankruptcy**
**Trustee.**

**Civ. A. No. 92–0343P.**
**Bankruptcy No. 91–11642.**

United States District Court,
D. Rhode Island.

March 18, 1994.

5. Federación became the proprietor of the promissory notes the day after upon the public sale in execution of judgment.

Robert A. Mercer, Jr., pro se.

Jason D. Monzack, pro se.

### ORDER

PETTINE, Senior District Judge.

The Report and Recommendation of United States Magistrate Judge Timothy M. Boudewyns filed on January 27, 1994 in the

above-captioned matter is hereby accepted pursuant to 28 U.S.C. § 636(b)(1).

SO ORDERED.

### Report and Recommendation

BOUDEWYNS, United States Magistrate Judge.

This is an appeal from a May 26, 1992 bankruptcy court order, requiring Robert A. Mercer Jr. ("Mercer" or "the debtor") to turn over $50,000 received in settlement for a personal injury claim. This matter has been referred to me for preliminary review, findings, and recommended disposition.[1] Based on the following analysis, I recommend that the appeal be denied.

### Procedural History

Debtor and his wife[2] filed a voluntary bankruptcy petition on June 19, 1991. On May 26, 1992, the bankruptcy court granted the Trustee in bankruptcy's ("Trustee") motion that the debtor be ordered to immediately turnover to the trustee a $50,000 settlement check. After the debtor filed a notice of appeal, this Court, on May 20, 1993, ordered that the proceedings be remanded to the bankruptcy court for a statement of reasons, findings of fact, and legal authority in support of its order. The bankruptcy judge has written a legal opinion dated September 16, 1993, which complies with the Court's remand Order. 158 B.R. 886.

### Facts[3]

Mercer sustained personal injuries in an automobile accident on January 19, 1990. As a result, he initiated a claim against the alleged tortfeasor. On June 19, 1991, Mercer and his wife filed a joint Chapter 7 petition, and, by operation of law, the pending negligence claim became an asset of the bankruptcy estate.[4]

In their original schedules, the debtors listed the personal injury claim as an asset with a market value of $15,000. The Mer-

---

1. 28 U.S.C. § 636(b)(1)(B); *Mathews v. Weber,* 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976).

2. Mrs. Mercer has not participated in this appeal.

3. The facts as described in the bankruptcy court's opinion have not been objected to by either party.

4. 11 U.S.C. § 541(a)(1).

cers also claimed a portion of this as exempt pursuant to 11 U.S.C. § 522(d)(11)(D) in the amount of $7,500. The claimed exemption was for a "Possible Personal Injury Settlement–Injury & Wrongfully [sic] Death Re- cov." Debtors amended this exemption on August 2, 1991. They amended their schedule B–3 by increasing the value of the settlement to $40,000 and amended schedule B–4 as follows [5]:

| Type of Property: Location, Description, Use | Statute | Exempt Amount |
|---|---|---|
| Any property not yet scheduled— Possible personal Injury Settlement | | DEBTOR |
| Disability | 11 USC 522(d)(10)C | 100% |
| Payment on account of personal bodily injury | 11 USC 522(d)(11)D | $7,500 |
| Payment in compensation for loss of future earning | 11 USC 522(d)(11)E | 100% |
| Any property selected by debtor | 11 USC 522(d)(5) | $3,750 |
| Possible Consortium Claim | | SPOUSE |
| Payment on acct of personal bodily injury | 11 USC 522(d)(11)D | $7,500 |
| Any property selected by debtor | 11 USC 522(d)(5) | $3,750 |

The trustee did not object to these claimed exemptions within the thirty days allotted under Bankruptcy Rule 4003.[6] The ultimate amount of the settlement was $50,000 in a single lump sum payment, with no designation or allocation of funds to any specific category of damages. On motion by the trustee, the entire sum was placed in escrow, jointly under custody of the Trustee and Mercer's personal injury attorney. The bankruptcy court later determined that the *entire amount* should be allocated to personal injury compensation, rather than any payment for disability or loss of future earnings. The bankruptcy court then allowed a statutory $7,500 exemption for personal bodily injury and a $3,750 exemption for the so-called

"catch-all" exemption pursuant to 11 U.S.C. § 522(d)(5). These amounts coincide with the statutory exemptions claimed by the debtor on his amended schedule B–4. The bankruptcy court then ordered the turnover of the remainder of the $50,000. The issue now before the Court is whether the bankruptcy court properly ordered the turnover of the $50,000 settlement, even though the Trustee failed to object to the debtor's claimed exemption within the thirty days period set by law.[7]

*Discussion*

■ A district court may set aside a bankruptcy court's factual findings only when

5. Below is a graphic representation of the exemption schedule. The original exemption schedule is attached for the Court's reference.

6. Bankruptcy Rule 4003(b) provides: "The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) or the filing of any amendment to the list or supplemental schedules unless, within such period, further time is granted by the court. Copies of the objections shall be delivered or mailed to the trustee and to the

person filing the list and the attorney for such person."

7. Other issues connected to this motion were withdrawn or conceded at the hearing on this matter. Specifically, debtor withdrew his position on the disposition of a diamond ring. Debtor also stated that he does not contest the bankruptcy court's allocation of the $50,000 settlement payment to personal injury compensation (rather than disability).

clearly erroneous.[8] Questions of law, however, must be considered *de novo*.[9]

■ In this appeal, debtor argues that he claimed in his amended exemption schedule a one hundred percent exemption of the injury settlement as a "disability payment." He notes that trustee failed to object within thirty days of this claim in accordance with Bankruptcy Rule 4003(b). Because the Trustee failed to make a timely objection, debtor argues, the Trustee waived any right to contest this claimed exemption. For this proposition, Debtor cites the recent Supreme Court case of *Taylor v. Freeland & Kronz*.[10] As discussed below, Judge Votolato was correct in holding that *Taylor* is distinguishable from the instant case.

In *Taylor*, the debtor claimed as exempt " 'Proceeds from law suit—[Davis] v. TWA' and 'Claim for lost wages' and listed its value as 'unknown.' "[11] The trustee did not object to the claimed exemption, and the Supreme Court held that he was time-barred from raising any objection.[12] The Court in *Taylor* allowed the debtor to retain the entire proceeds from the suit, citing 11 U.S.C. § 522(*l*) which states "[u]nless a party in interest objects, the property claimed as exempt on such list is exempt."[13] Importantly, the Court in *Taylor* was faced with a situation where:

[the debtor] did not have a right to exempt more than a small portion of [the] proceeds either under state law or under the federal exemptions specified in § 522(d). [The debtor] in fact claimed the full amount as exempt. [The Trustee], as a result, apparently could have made a valid objection under § 522(*l*) and Rule 4003 if he had acted promptly.[14]

In *Taylor*, listing the value of the claim as unknown and claiming the full amount as exempt "was tantamount to waiving a red flag in the trustee's face, as if to say, 'It may be worth more than the law allows, but I'm claiming it anyway.' "[15]

In this case, there was no red flag. In fact, the trustee did not object because Mercer *claimed exactly what he was entitled to under the law (and what he actually will receive)*. Specifically, debtor cited the applicable provisions of the bankruptcy code almost verbatim: he claimed 100% of funds which are "disability" payments, $7,500 of the funds which are "personal injury" compensation, and 100% of the funds which are for payment of "future earnings." These amounts could not be calculated until the bankruptcy court determined the proportionate makeup of the $50,000 settlement.[16] Thus, instead of asking for what was clearly more than the law allows as in *Taylor*, the debtor in this case simply asked for what he was entitled to, subject to ultimate determination by the bankruptcy court.[17]

8. Bankr.R. 8013; *See Acacia Mutual Life Ins. Co. v. Perimeter Park Inv. Assocs. (In re Perimeter Park Inv. Assocs.)*, 616 F.2d 150, 151 (5th Cir.1980); *First Software Corp. v. Computer Assocs. Int'l., Inc. (In re First Software Corp.)*, 107 B.R. 417, 420 (D.Mass.1989).

9. *In re Pizza of Hawaii, Inc.*, 40 B.R. 1014, 1015 (D.Haw.1984), *aff'd*, 761 F.2d 1374 (9th Cir. 1985); *First Software Corp.*, 107 B.R. at 420.

10. —— U.S. ——, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992).

11. —— U.S. at ——, 112 S.Ct. at 1646.

12. *Id.* at ——, 112 S.Ct. at 1648.

13. *Id.*

14. *Id.* at ——, 112 S.Ct. at 1647–48.

15. *In re Shoemaker*, 155 B.R. 552, 555 (Bankr. N.D.Ala.1992).

16. The bankruptcy court's allocation of the $50,-000 to personal injury payment rather than to disability payment or payment for loss of future earnings was not clearly erroneous. Debtor indicated at the hearing on this matter that he is not pressing the appeal of this issue.

17. As described by the bankruptcy court,

When the trustee in *Taylor* reviewed the debtor's exemptions, including the lawsuit with a value listed as "unknown," he was reasonably placed on notice that the debtor may be claiming more than that to which she was entitled.... In this case however, there was no "red flag." The trustee was not on similar notice, because the debtors were claiming exemptions to which they are fully entitled to under federal law.... The exemptions claimed are exactly what 11 U.S.C. § 522(d) allows, and had the trustee filed an objection it probably would have been without merit, and perhaps even constituted a frivolous pleading subject to Rule 9011 sanctions.

*In re Robert A. Mercer, Jr.*, (1993).

Mercer attempts to characterize his claimed exemption so as to fall within the parameters of *Taylor.* He argues that "Disability, 11 USC 522(d)(10)C, 100%," means a claim for one-hundred percent of the future settlement *as a disability payment.* This argument fails, however, because on the exemption sheet, the debtor broke down his settlement into four different categories. The only plausible purpose, and the evident meaning of this breakdown, is that the debtor wanted to cover all of his bases. Whether the settlement turned out to be "disability" or "personal injury" or "future earnings," the debtor would be able to claim an exemption. In sum, the debtor never claimed more than he was entitled to, and the trustee never had a reason to object.

*Conclusion*

Mr. Mercer is entitled to the $7,500.00 he claimed as exempt for payment on account of personal bodily injury plus $3,750.00 on any property selected by him; the remainder of the proceeds from the personal injury settlement is an asset of the bankruptcy estate. The appeal should be denied.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt.[18] Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the district court.[19]

Jan. 25, 1994.

## UNITED STATES BANKRUPTCY COURT
### FOR THE FIRST DISTRICT OF RHODE ISLAND

In Re:

     Robert A. Mercer, Jr. S.S. # 037–36–2551
       Telephone No.: (401) 942–2167 and
     Anne M. Mercer S.S. # 035–32–2561

|  |  |
|---|---|
|  | Date Filed: |
|  | Case No: |
| Debtors | Judge: |
|  | CHAPTER 7 |

Attorney for Debtor: Peter M. Iascone

### SCHEDULE B–4—PROPERTY CLAIMED AS EXEMPT

Pursuant to 11 United States Code 522(d),
debtors select the following property as exempt:

| Type of Property Location, Description, Use | Statute | Exempt Amount |
|---|---|---|
| **DEBTOR** | | |
| Deposits of money with banks | | |
| Fleet National Bank | | DEBTOR |
| Pawtucket Darlington | | |
| Checking | | |
| Unused Exemptions | 11 USC 522(d)(5) | 5 |
| | | |
| Fleet National Bank | | DEBTOR |
| Pawtucket Darlington | | |
| Savings | | |
| Unused Exemptions | 11 USC 522(d)(5) | 5 |

---

**18.** Rule 32, Local Rules of Court; Rule 72(b), FRCP.

**19.** *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir.1980); *United States v. Valencia–Copete,* 792 F.2d 4 (1st Cir.1986).

| Type of Property Location, Description, Use | Statute | Exempt Amount |
|---|---|---|
| Household goods, supplies, and furnishings | | |
|     Furniture and Furnishings | | JOINT |
|     Household Goods & Furnishings | 11 USC 522(d)(3) | 250 |
| | | |
|     Personal Computer | | JOINT |
|     Misc. Personal Possessions | 11 USC 522(d)(3) | 550 |
| Wearing apparel, jewelry, firearms, sports equipment | | |
|     Diamond Ring | | JOINT |
|     Jewelry | 11 USC 522(d)(4) | 400 |
| Automobiles, trucks, trailers, and other vehicles | | |
|     1988 Buick Park Ave. | | JOINT |
|     Motor Vehicles | 11 USC 522(d)(2) | 1,200 |
|     Residence | 11 USC 522(d)(1) | 400 |
| | | |
|     1988 Toyota Corolla | | JOINT |
|     Residence | 11 USC 522(d)(1) | 250 |
|     1984 Pontiac 6000 Wagon | | JOINT |
|     Residence | 11 USC 522(d)(1) | 250 |
| Any property not yet scheduled | | |
|     Possible Personal Injury Settlement | | DEBTOR |
| | | |
|     Disability | 11 USC 522(d)(10)C | 100% |
|     Payment on account of personal bodily injury | 11 USC 522(d)(11)D | 7,500 |
|     Payments in compensation for loss of future earnings | 11 USC 522(d)(11)E | 100% |
|     Any property selected by debtor | 11 USC 522(d)(5) | 3,750 |
| SPOUSE | | |
| Deposits of money with banks | | |
|     Shawmut Bank | | SPOUSE |
|     Worcester | | |
|     Checking | | |
|     Unused Exemptions | 11 USC 522(d)(5) | 5 |
| Household goods, supplies, and furnishings | | |
|     Furniture and Furnishings | | JOINT |
|     Household Goods & Furnishings | 11 USC 522(d)(3) | 250 |
| | | |
|     Personal Computer | | JOINT |
|     Misc. Personal Possessions | 11 USC 522(d)(3) | 550 |
| Wearing apparel, jewelry, firearms, sports equipment | | |
|     Diamond Ring | | JOINT |
|     Jewelry | 11 USC 522(d)(4) | 400 |
| Automobiles, trucks, trailers, and other vehicles | | |
|     1988 Buick Park Ave. | | JOINT |
|     Motor Vehicles | 11 USC 522(d)(2) | 1,200 |
|     Residence | 11 USC 522(d)(1) | 400 |
| | | |
|     1988 Toyota Corolla | | JOINT |
|     Residence | 11 USC 522(d)(1) | 250 |
| | | |
|     1984 Pontiac 6000 Wagon | | JOINT |
|     Residence | 11 USC 522(d)(1) | 250 |
| Any property not yet scheduled | | |
|     Possible Consortium Claim | | SPOUSE |

| Type of Property<br>Location, Description, Use | Statute | Exempt Amount |
|---|---|---|
| Payment on acct of personal bodily injury | 11 USC 522(d)(11)D | 7,500 |
| Any property selected by debtor | 11 USC 522(d)(5) | 3,750 |
| | Total: | 14,555 |