**In re Roger MOORE, Conchetta M. Moore, Debtors.**

**Townsend FOSTER, Jr., Trustee,**

**v.**

**Conchetta M. MOORE, The Life Insurance Company of Virginia.**

**Bankruptcy No. 3–92–01127.
Adv. No. 3–94–119.**

United States Bankruptcy Court, S.D. Ohio, Western Division.

Nov. 15, 1994.

**14**

Roger E. Luring, Troy, OH, for Conchetta M. Moore.

Townsend Foster, Jr., Trustee, Troy, OH, pro se.

## DECISION ON ORDER DENYING MOTION TO DISMISS

THOMAS F. WALDRON, Bankruptcy Judge.

This proceeding, which arises under 28 U.S.C. § 1334(b) in a case referred to this court by the Standing Order of Reference entered in this district on July 30, 1984, is determined to be a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A)—matters affecting the administration of the estate, (E)—orders to turn over property of the estate, and (O)—other proceedings affecting the administration of the estate.

Following the conclusion of oral argument by counsel for the trustee and counsel for the debtor, the court issued an oral decision; however, at the request of counsel the court has amplified the ruling in this written decision. The issue presented concerns the relationship between 11 U.S.C. § 522(*l*) and Fed. R.Bankr.P. 4003(b).

## FACTS

1) Roger and Conchetta M. Moore filed for relief under chapter 7 of the Bankruptcy Code on March 6, 1992.

2) Item number 14 of the debtors' "Statement of Affairs" provides:

14. Property held for another person.

List all property owned by another person that the debtors hold or control.

Transamerica Annuity from personal injury lawsuit settled in November, 1987. Results in $1,000.00/mo. to Mrs. Moore.

3) Item number 17 of "Schedule B– Personal Property" provides in relevant part:

17. Other liquidated debts owing debtor including tax refunds.

| Disability income | | |
|---|---|---|
| Owner: Husband | Debtors' interest: | 1,000/month |
| | Total debt on property: | 0.00 |
| Possession: | In debtor's possession | |
| | Conchetta Moore | |
| | 2595 LeFevre Road | |
| | Troy, Ohio 45373 | |
| Additional information: | Transamerica Annuity from personal injury lawsuit settled in November, 1987. | |

4) "Schedule C—Property Claimed As Exempt" of the debtors' petition provides in relevant part:

| Disability Income | | |
|---|---|---|
| Debtors' interest | 1,000/month | value exempt: 1,000/month |

5) Townsend Foster, Jr. was appointed as trustee (the "Trustee").

6) The § 341 Meeting of Creditors was held on April 8, 1992. At this meeting, it was orally disclosed to the Trustee that there was at least one lump sum amount in connection with this annuity.

7) On May 25, 1994, the Trustee filed a Complaint For Annuity To Sell And Assign A Single Premium Deferred Annuity Policy, naming Conchetta Moore and The Life Insurance Company of Virginia as defendants. In this complaint the Trustee alleges, in pertinent part:

5. At the time of filing for an order of relief, Defendant, Conchetta M. Moore, was the owner of a single premium deferred annuity policy, No. S02193915.

6. The policy provided that the Debtor would receive $1,150.00 per month for 20 years certain from October 1, 1987 and life thereafter increasing at 3% annually. In addition, Debtor is to receive the sum of $100,000 on December 5, 2011 and $150,-000.00 on December 5, 2016.

7. The policy provides that neither the annuitant, any contingent annuitant, nor any other payee may elect any other mode of payment or surrender the policy.

8. That said single premium deferred annuity is an asset of the estate.

WHEREFORE, Plaintiff prays that he be authorized to sell said single premium annuity policy for the best price attainable and for authority to assign the policy to the purchaser free and clear of all claims of the Debtor.

8) The debtor filed a motion to dismiss (Doc. 7–1).

9) This court entered an order setting a hearing to consider oral argument in connection with the motion to dismiss and any response.

10) The Trustee filed Trustee's Response to Motion To Dismiss By Conchetta M. Moore (Doc. 9–10).

## DISCUSSION

■ Once a debtor files for relief under the Bankruptcy Code, most legal and equitable interests of the debtor become part of the debtor's bankruptcy estate. 11 U.S.C. § 541. Under 11 U.S.C. § 522(b), the debtor may remove some of this property from the estate by claiming exemptions. Section 522(b) permits debtors to choose between exemptions provided under state law or under the federal exemptions in § 522(d). Exemptions for debtors in Ohio are determined by Ohio law. *Matter of Young,* 93 B.R. 590, 593 (Bkrtcy. S.D.Ohio 1988).

■ Section 522(*l*) sets forth the procedure for claiming exemptions:

The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section. . . . Unless a party in interest objects, the property claimed as exempt on such list is exempt.

Fed.R.Bankr.P. 4003(b) sets forth the time frame for filing objections, providing:

The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) or the filing of any amendment to the list or supplemental schedules unless, within such period, further time is granted by the court.

Once this thirty-day period has expired a trustee may not object to a claimed exemption, even if the debtor has no basis for asserting the exemption. *Taylor v. Freeland & Kronz,* —— U.S. ——, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). "Because the time to object is relatively short, *see* Bankr.Rule 4003(b), it is important that trustees and creditors be able to determine precisely whether a listed asset is validly exempt simply by reading a debtor's schedules. Given that the debtor controls the schedules, we construe any ambiguity therein against him." *Hyman v. Plotkin (In re Hyman),* 967 F.2d 1316, 1319–20 n. 6 (9th Cir.1992). Therefore, if a debtor does not comply with § 522(*l*)'s requirement and file a *written* statement of the property that he or she is claiming to be exempt on "Schedule C– property claimed as exempt," there is no basis for a trustee to file an objection, and there is no basis for the trustee to move to extend the time to file an objection. *See Id.* at 1319.

Judge William A. Clark of this District amplified the holdings of *Taylor* and *Hyman* in *Gilbert v. Zimmer (In re Zimmer),* 154 B.R. 705 (Bankr.S.D.Ohio 1993). In *Zimmer,* the trustee argued that the debtors had not sufficiently described their claimed exemption in a tax refund; and, therefore, the thirty-day period for objections had not ex-

pired. In Schedule B–4, the debtors merely set forth a description of "other property" and claimed an exemption under the "catch-all" or "wild-card" provision of Ohio Revised Code § 2329.66(a)(17). This provision allows debtors an exemption in the amount of $400 in any property. The *Zimmer* court addressed the issue of whether this description "constituted an effective 'claim' of an exemption for the tax refund under Ohio Revised Code § 2329.66(a)(17)." *Zimmer*, 154 B.R. at 709. The court stated that "where a debtor's schedules are too ambiguous to ascertain exactly what property is claimed as exempt, the strict time constraints of *Taylor* are not applicable until the schedules have been clarified *or the trustee is otherwise put on notice* of the precise nature of the debtor's claim of exemption." 154 B.R. at 709 (emphasis in original).

The court held, based upon the debtors' schedules, that the debtors had not made an adequate claim of exemption for the tax refund; however, the court further found that the trustee, in the particular circumstances of the *Zimmer* case, had been "put on notice" of the debtors' claim to the tax refund, as evidenced by the trustee's statements regarding the debtor's tax refund made in an application for appointment as attorney for trustee filed in the debtors' case.[1] The court concluded that because the trustee had been "put on notice" that the debtor was claiming an exemption in the tax refund, Rule 4003(b) became applicable as of the date of the filing of the trustee's application, and the trustee was required to object to the claimed exemption within thirty days.

■ In the pending case, the debtors' schedules, particularly Schedule C, only contain a written claim for the exemption of "disability income" and do not give the source. The debtor chose the amount of $1,000 as the amount to be fixed for the disability income. If a debtor states that he or she does not claim an exemption greater than a specifically listed amount, or uses other language that limits the amount, for

example, "homestead exemption–$5,000 per person," then the debtor's claimed exemption will be limited to the amount claimed. *See Mercer v. Monzack*, 170 B.R. 759 (D.R.I. 1994); *Addison v. Reavis*, 158 B.R. 53 (E.D.Va.1993), *aff'd sub nom. Ainslie v. Grablowsky*, 1994 WL 410995, 32 F.3d 562 (4th Cir.1994) (per curiam) (unpublished summary affirmance); *but see Allen v. Green (In re Green)*, 31 F.3d 1098 (11th Cir.1994). Under Ohio law, it appears that an annuity is not exempt, *Wilson v. Dixon*, 73 Ohio App.3d 706, 598 N.E.2d 158, 159 (1991); however, under *Taylor*, because the trustee did not object to the "disability income" and its claimed amount, it is determined to be exempt property in the amount of $1,000 per month. *See Taylor*, —— U.S. at ——–——, 112 S.Ct. at 1646–48; *Green*, 31 F.3d at 1100–01.

■ With regard to any amount in excess of the $1,000 for "disability income," Schedule C does not contain any list of property which includes any reference to a "lump sum" or "annuity." At the § 341 meeting, however, the debtor did disclose that the one thousand dollars listed as disability income came from an annuity and that this annuity had at least one lump sum component. Thus, these facts present the issue of whether an oral disclosure not evidenced by some listing claiming an exemption filed in the case is sufficient to put the trustee "on notice of the precise nature of the debtor's claim of exemption" as contemplated by *Zimmer*.

The Bankruptcy Code, Bankruptcy Rules, and Official Forms require that a debtor file a list of property that he or she claims as exempt in his or her bankruptcy case. 11 U.S.C. § 522(*l*); Fed.R.Bankr.P. 4003(b). Requiring that a debtor file a list of property claimed to be exempt prevents the indifferent, incompetent, or fraudulent filing of significant documents, specifically Schedule C, and is the assumed predicate to the Code's provisions requiring that the trustee, creditors, or other parties-in-interest file objections to claimed exemptions within a thirty-

---

1. In his application the trustee stated that the debtor had an income tax refund and that it would be necessary for him to evaluate the refund and determine whether it was exempt, since

one of the debtors only worked for a portion of the year 1989 and might not be entitled to the full exemption.

day period. Fed.R.Bankr.P. 4003(b). Also, Rule 4003(c), which provides that the "objecting party has the burden of proving that the exemptions are not properly claimed," assumes as its foundation that the debtor has complied with § 522(*l* )'s requirement that a list of property claimed as exempt be filed.

If an oral statement made by the debtor at a § 341 meeting was sufficient, by itself, without a list of the specific property claimed as exempt being filed in the case, to start the running of the thirty-day period under Rule 4003(b), the proper administration of bankruptcy cases would be significantly hampered. The Bankruptcy Code, Bankruptcy Rules, and Official Forms require that the property that a debtor is claiming as exempt must appear *in writing*. The filing requirements found under § 522 and in the Bankruptcy Rules and Official Forms enable any creditor or party-in-interest, by simply reviewing the debtor's filed schedules, to decide whether to file an objection, retain counsel, or to take some action. No creditor or party-in-interest could make such a determination if a list of specific property claimed as exempt has not been filed. Notably, although there is a requirement that every debtor file a document listing property claimed as exempt, there is no requirement that every creditor or party-in-interest attend the § 341 meeting. The Code does not authorize debtors, or their counsel, to simply present words on the wind at a § 341 meeting or in any other circumstance, and without filing a list of specific property claimed as exempt in the case, thereby argue that the Trustee has been "put on notice" so that the thirty-day period under Rule 4003(b) commences.

Accordingly, the court concludes that oral disclosures made by a debtor at a § 341 meeting do not constitute a filed list of the debtor's claimed exemption and nothing in the language or intention of *Zimmer* supports a conclusion that an oral statement, without any written listing of a claimed exemption filed in the case, can "put a trustee on notice" and commence the running of the thirty-day period under Rule 4003(b).

Accordingly, the court determines that because the debtors' Schedule C failed to even list the words "lump sum" or "annuity" as a claimed exemption, the debtor's subsequent oral disclosure at the § 341 meeting failed to put the Trustee "on notice" and did not commence the running of the thirty-day period under Fed.R.Bankr.P. 4003(b).