**In re John Robert LONG, Sue B. Long, Debtors.**

**No. 99–56146.**

United States Bankruptcy Court, S.D. Ohio, Eastern Division.

March 27, 2001.

William B. Logan, Jr., Luper Sheriff & Neidenthal, Columbus, OH, for Debtors.

Arnold S. White, Columbus, OH, Chapter 7 Trustee.

Elizabeth Luper Schuster, Assistant Attorney General, Chief Counsel's Staff, Columbus, OH.

Alexander G. Barkan, Assistant U.S. Trustee, Columbus, OH.

## *MEMORANDUM OPINION AND ORDER*

CHARLES M. CALDWELL, Bankruptcy Judge.

This Memorandum Opinion and Order constitutes the Court's ruling on the Motion for Summary Judgment filed on behalf of John Robert Long and Sue B. Long ("Debtors") and the Memorandum Contra filed by Arnold S. White ("Trustee"). The dispute involves the effort of the Debtors to utilize the Ohio exemption laws to shield the approximate sum of $314,362.00 from administration by the Trustee and payment to their unsecured creditors. The Debtors have disclosed unsecured liabilities in excess of $300,000.00. Based upon a review of the pleadings, applicable rules and case law, the Court has determined that the Debtors are entitled to summary judgement. Further, this Court concludes, as requested by the parties at the January 23, 2001, status hearing, that this Memorandum Opinion and Order constitutes a final judgment regarding all issues raised for appellate purposes, as contemplated by Rule 54(b) of the Federal Rules of Civil Procedure. A discussion of the factual and legal bases for this decision follows.

On December 20, 2000, the Court entered a Memorandum Opinion and Order in which the Court denied the Trustee's

request for summary judgment. The focus of the opinion was the Trustee's assertion that the Ohio Revised Code Section 2329.66(A)(10)(c) (Individual Retirement Account Exemption) was unconstitutional based upon the "One Subject Rule" and the "Void for Vagueness Doctrine." The Court ruled that the provision was constitutional and, in addition, the Court indicated that regarding particular retirement account transactions there were factual disputes and legal issues that would require the presentation of evidence. In addition, the Court ruled that some of the issues raised may require the commencement of an adversary proceeding.

Subsequent to the entry of that decision, the Court conducted a status hearing on January 23, 20001, and based upon the statements of counsel determined that the Debtors' instant request for summary judgment was ripe for consideration. The goal as stated by the parties was to have all issues addressed, as contemplated by Rule 54(b) of the Rules of Civil Procedure, so that one appeal on all issues could be pursued. To fully address the instant motion and response of the Trustee, it will be helpful to briefly discuss some history of this case.

The Debtor, Mr. Long, for several years worked for an engineering firm, and in that capacity accumulated a significant amount of funds in a profit-sharing plan that he rolled over into an IRA upon his retirement. Subsequently, the Debtors owned and operated retail candle stores in the Columbus, Ohio, area that they sold before the instant filing was commenced under chapter 7 on July 8, 1999. On "Schedule B—Personal Property," the Debtors listed various Individual Retirement Accounts having a total value of $284,888.00. The Debtors claimed their interests were exempt pursuant to Ohio Revise Code Section 2329.66(A)(10)(c). On August 12, 1999, an Amendment to Schedules B and C was filed, in which the Debtors delineated eight separate IRA accounts, five for Mr. Long and three for Mrs. Long, that they were claiming exempt under the same state provision as originally cited. The total value as of the date of the Amendment was $314,362.00.

On August 24, 1999, the Trustee's Objection to "IRA" Claimed Exemptions was filed. In this pleading the Trustee listed only seven of the accounts disclosed by the Debtors in their Amendment. The basis for the objection was stated as follows: "... (T)he Trustee states that IRA's [sic] do not comply with 2329.66(A)(10)(c), which may not be enforceable ... (and) ... as an additional objection, the Trustee is informed and believes that there is equity over and above any claim of exemption which can be preserved for the benefit of the creditors of this estate." As previously noted, the Court has already addressed the constitutionality arguments, and is now addressing only the applicability of the exemption statute to the Individual Retirement Accounts at issue.

In considering the Trustee's objection to the instant claim, we must begin our analysis with the purposes of bankruptcy-related exemptions. As noted by one commentator, "The substantive purpose of personal exemptions in bankruptcy is to ensure that individual debtors will not emerge from bankruptcy completely destitute, but rather with certain basic properties needed both to live from day to day and for a quick reentry into normal economic life. Without this kind of protection, the 'fresh start' that is a debtor's primary goal in consumer bankruptcy would, in most cases, merely be a fresh

path to new debt".[1] Richard E. Mendales, *Rethinking Exemption in Bankruptcy,* 40 B.C.L.Rev. 851 (1999).

 Under the current system, once exemptions with sufficient specificity and clarity are claimed by debtors either originally or through amendments, the objecting parties have a period of only thirty days to respond, or they are forever barred. *Taylor v. Freeland and Kronz,* 503 U.S. 638, 643–646, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992); *In re Moore,* 175 B.R. 13, 15–16 (Bankr.S.D.Ohio.1994); *In re Zimmer,* 154 B.R. 705, 706–710 (Bankr. S.D.Ohio.1993). Upon the filing of a timely objection, debtors remain entitled to the presumption that their claims are *prima facie* valid, and it is incumbent upon the objecting parties to rebut this presumption by a preponderance of the evidence. *In re Hollar,* 79 B.R. 294, 296 (Bankr.S.D.Ohio. 1987); *In re Barlock,* 121 B.R. 13, 15 (Bankr.N.D.Ohio.1990); *In re Ciotta,* 222 B.R. 626, 629 (Bankr.C.D.Ca.1998). As noted by the Court in the case of *In re Ciotta,* "... A debtor is not required to make an affirmative showing that a claimed exemption is appropriate.... The debtor only needs to characterize, either expressly or impliedly, that the claimed exemption falls within an exempt category...." *In re Ciotta* at 628.

In reviewing the pleadings filed on behalf of the Trustee and the Debtors, the Court is convinced that despite the execution of stipulations, there are factual disputes between the parties, and even some apparent differences on the content of the stipulations. Also, the Court remains convinced that some of the issues, e.g., those alleging that the change in the form of an IRA account constitutes a fraudulent conveyance, would require the commencement of an adversary proceeding as contemplated by Rule 7001 of the Federal Rules of Bankruptcy Procedure. Having said all of this, however, when one reviews the instant summary judgment request and the Trustee's exemption objection, two conclusions are inevitable.

 First, as noted above, the Trustee did not include all eight of the accounts in his objection, and is now time barred from challenging the omitted account. Second, and most importantly, the Court has concluded that the Trustee's challenge to the exemption claims for the remaining seven accounts is not sufficient to rebut the presumption of *prima facie* validity, in the absence of further detail. The Trustee's unadorned statement of inapplicability of the exemption provision is simply not sufficient to rebut the presumption. Also, in certain instances the issues could only be adjudicated in the context of the commencement of an adversary proceeding. Finally, as noted by the Debtors, the issue of the amount of the funds that may be administered, in view of the scope of the exemption provisions, remains open.

Accordingly the Debtors' Motion for Summary Judgment on Trustee's Objection to Debtors' Claims of Exemption is **SUSTAINED.** In view of the significant sums involved, however, the Court will grant the Trustee a period of thirty days to file an amended objection that provides a clear and detailed factual basis for his challenge to the claims of exemption, strictly limited to the seven accounts that are still at issue. Any amended objection must include appropriate citation to any

---

1. This article contains an interesting discussion of the history of the exemption laws dating back to the original bankruptcy act and concludes that the current hodgepodge scheme of federal and opt-out exemption states should be replaced by a uniform system that allows debtors to choose whatever property they wish to exempt limited by a fixed maximum value for all property claimed.

applicable statutory provisions and/or case law. In addition, within thirty days from entry of this Memorandum Opinion and Order, the Trustee shall commence any appropriate adversary proceeding and take other action to bring before the Court for final determination, any portions of the seven remaining accounts that may be subject to administration. In the absence of timely action in accordance with this Memorandum Opinion and Order, the Trustee will be deemed barred from any further pursuit.

**IT IS SO ORDERED.**