[Cite as *Jones v. Dlugos*, 2019-Ohio-3039.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

GREGORY A. JONES, ET AL.,                    :

    Plaintiffs-Appellees,                    :

                                        No. 107757

v.                                          :

KARL DLUGOS, ET AL.,                        :

    Defendants-Appellants.                  :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:**  July 25, 2019

---

Civil Appeal from Rocky River Municipal Court
Case No. 18 CVG 549

---

### *Appearances:*

Vincent Esquire, Ltd., Paul W. Vincent, and Adam James Vincent, *for appellees.*

Karl Dlugos, *pro se*, and Lisa Gottschalt, *pro se*.

LARRY A. JONES, SR., J.:

{¶ 1} In this accelerated appeal,[1] the defendants-appellants Karl Dlugos and Lisa Gottschalt[2] appeal from the March 26, 2018 judgment of the Rocky River Municipal Court, which "accepted, approved and adopted" the magistrate's decision. The decision found the appellants liable for nonpayment of rent. For the reasons that follow, we dismiss this appeal.

**Factual and Procedural History**

{¶ 2} The record before us demonstrates that in February 2017, the appellants entered into a land installment contract with the plaintiffs-appellees, Gregory and Sharon Jones. The contract was for property located in North Olmsted, Ohio, and the monthly payment was $772.64, plus a $50 late fee, if applicable.

{¶ 3} In February 2018, the appellants failed to make payments according to the contract, and the appellees provided notice to them of their breach and how it could be remedied according to the terms of their contract. On March 5, 2018, the appellants made a $500 payment. On March 7, 2018, the appellees filed an action in the Rocky River Municipal Court; the complaint was for forcible entry and detainer and forfeiture. The appellants filed an answer in which they claimed, in part, that the appellees accepted their $500 payment.

---

[1]The purpose of an accelerated appeal is to permit this court to render a brief and conclusory opinion. *State v. Priest*, 8th Dist. Cuyahoga No. 100614, 2014-Ohio-1735, ¶ 1.

[2]The appellants have proceeded pro se throughout the entirety of the proceedings below as well as in this court.

{¶ 4} A trial before the magistrate was held on March 26, 2018. At the conclusion of the trial, the magistrate found in favor of the appellees and against the appellants for nonpayment of rent on the "first cause of action," that is, the forcible entry and detainer. The magistrate granted the appellants until April 16, 2018, to move to plead or file an answer as to the "second cause of action," that is, the forfeiture. The trial court "accepted, approved and adopted" the magistrate's decision as the judgment of the court.

{¶ 5} On April 2, 2018, appellants filed a motion to stay eviction, which was denied on April 5. A writ of restitution was filed, ordering that the appellants be "forthwith removed" from the property and the appellees have restitution of it. Appellants apparently did not vacate the property, and therefore the appellees filed a request to execute writ of restitution. The appellants filed a motion to set aside the magistrate's order and stay the writ of restitution, which the trial court denied. Thereafter, the appellants filed objections to the magistrate's order; the objections were overruled.

{¶ 6} On April 13, 2018, appellants filed an answer to the second cause of the complaint and a counterclaim. Their counterclaim sought an amount for equity they claim to have in the house.

{¶ 7} According to the appellees, the appellants were ordered to be out of the subject property on April 13, 2018. However, due to the trial court's schedule, the date was continued one week, until April 20, 2018. The record demonstrates

that on April 19, 2018, appellants filed for Chapter 7 bankruptcy that resulted in an automatic stay of the case.

{¶ 8} The bankruptcy stay was lifted in August 2018, and the eviction proceedings resumed. On October 4, 2018, the day set for their eviction, appellants filed an emergency motion for stay of eviction in this court; they also filed an appeal in this court of the municipal court's March 2018 judgment that again stayed the eviction date. Their emergency motion was denied on the same day it was filed, October 4, 2018. The appellants then filed a second notice of appeal on October 5, 2018, that was transferred to the first appeal. Meanwhile, the eviction proceeded and the appellants were evicted in October 2018, and the property was restored to the plaintiffs.

{¶ 9} This court dismissed the appeal as untimely, but subsequently granted appellants' motion for reconsideration and ordered appellants to file an App.R. 9(C) statement by November 26, 2018. On November 23, 2018, appellants filed a "notice of trial court's inability to settle and approve appellants['] statement of evidence as required by App.R. 9."

{¶ 10} This court again dismissed the appeal, this time as moot because the appellants had been evicted in October 2018. The appellants filed a motion for reconsideration, which was granted. This court ordered the appellants to show cause why the record should not be converted into an App.R. 9(A) record. Appellants filed their show cause, and in February 2019, the praecipe was amended to an App.R. 9(A) record.

## Assignments of Error

I.   The trial court erred in its decision to not dismiss the case due to the plaintiffs failing to state a claim for which relief can be granted.

II.  The trial court committed plain error in accepting "Notice of forfeiture and demand to leave premises" ("Notice") as being sufficient and properly serviced.

III. The trial court has failed to approve, deny, and certify the Appellants' statement of evidence as required under App.R. 9(C).

## Law and Analysis

{¶ 11} The gravamen of the appellants' contentions in this appeal relate to their eviction from the subject property. For the reasons that follow, that issue is now moot. A forcible entry and detainer decides only the right to immediate possession and nothing else. *Seventh Urban, Inc. v. Univ. Circle*, 67 Ohio St.2d 19, 25, 423 N.E.2d 1070 (1981), fn. 11. If immediate possession is no longer an issue due to vacation, then continuation of the forcible entry and detainer action or appeal is unnecessary. "Once the landlord has been restored to property, the [result of the] forcible entry and detainer action becomes moot because, having been restored to the premises, there is no further relief that may be granted." *Long v. MacDonald*, 3d Dist. Crawford No. 3-02-10, 2002-Ohio-4693 (holding that the tenant's appeal is moot regardless of whether the tenant's vacation is voluntarily or not); *U.S. Sec. of HUD v. Chancellor*, 8th Dist. Cuyahoga No. 73970, 1999 Ohio App. LEXIS 605 (Feb. 25, 1999) (agreeing with HUD's argument that the tenants-appellants' appeal was moot since they vacated the premises and affirming on that basis); *see also Riolo*

*v. Navin*, 8th Dist. Cuyahoga No. 79809, 2002-Ohio-1551; *Blosser v. Bowman*, 10th Dist. Franklin No. 00AP-1140, 2001 Ohio App. LEXIS 1927 (May 1, 2001).

{¶ 12} The appellants here have vacated the property; therefore, their contentions relating to the alleged impropriety of their eviction are now moot. There was, as mentioned, a second cause of action relating to forfeiture. However, the trial court did not issue any judgment relating to that cause of action. Further, the trial court did not issue a judgment relative to appellants' counterclaim. It is well established that "[a] court of appeals cannot consider [an] issue for the first time without the trial court having had an opportunity to address the issue." *State v. Peagler*, 76 Ohio St.3d 496, 501, 668 N.E.2d 489 (1996).

{¶ 13} In light of the above, this appeal is dismissed as moot.

It is ordered that appellees recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

LARRY A. JONES, SR., JUDGE

PATRICIA ANN BLACKMON, P.J., and
ANITA LASTER MAYS, J., CONCUR