[Cite as *Fayette Drywall, Inc. v. Oettinger*, 2019-Ohio-48.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| FAYETTE DRYWALL, INC., et al. | : | |
| | : | |
| Plaintiffs-Appellees | : | Appellate Case No. 28059 |
| | : | |
| v. | : | Trial Court Case No. 2017-CV-4804 |
| | : | |
| JOHN R. OETTINGER, TRUSTEE, et al. | : | (Civil Appeal from Common Pleas Court) |
| | : | |
| Defendants-Appellants | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 11th day of January, 2019.

. . . . . . . . . .

RICHARD L. CARR, JR., Atty. Reg. No. 0003180 and MATTHEW J. BAKOTA, Atty. Reg. No. 0079830, 110 North Main Street, Suite 1000, Dayton, Ohio 45402
    Attorneys for Plaintiffs-Appellees, Fayette Drywall, Inc. and Hotopp Excavating, Inc.

THOMAS B. TALBOT, JR., Atty. Reg. No. 0002615, P.O. Box 384, Dayton, Ohio 45409
    Attorney for Defendant-Appellee, Ernst Enterprises, Inc.

KEVIN C. ROUCH, Atty. Reg. No. 0030174, P.O. Box 12571, Columbus, Ohio 43212
    Attorney for Defendant-Appellee, Del Tedesco Tile & Construction

JAMES G. KORDIK, Atty. Reg. No. 0022700 and CHANNING M. KORDIK, Atty. Reg. No. 0090931, 40 North Main Street, Suite 2160, Dayton, Ohio 45423
    Attorneys for Defendant-Appellee, JMD Architectural Products, Inc.

DAVID K. LOWE, Atty. Reg. No. 0003179 and JACOB H. LEVINE, Atty. Reg. No. 0092926, 1500 West Third Avenue, Suite 310, P.O. Box 12310, Columbus, Ohio 43212
    Attorneys for Defendant-Appellant, Restaurant Specialties, Inc.

RAYMOND W. LEMBKE, Atty. Reg. No. 0003044, 602 Main Street, Suite 703, Cincinnati, Ohio 45202
    Attorney for Defendant-Appellant, Flapjack2 Holding Company, LLC and Third-Party Defendant, Michael Dixson

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} On January 22, 2018, Defendant-appellant, Restaurant Specialties, Inc. ("RSI"), with the support of Defendant-appellant, Flapjack2 Holding Company, LLC ("Flapjack"), moved the trial court for a stay of all proceedings until the arbitration of a contractual dispute between itself and Flapjack could be completed. The trial court overruled the motion in its final order of June 15, 2018, finding that the dispute between Flapjack and RSI was a discrete matter relative to the claims of the other parties. Appealing from the order, Flapjack and RSI argue that the trial court erred because, pursuant to R.C. 2711.02(B), it lacked discretion to deny the request for a stay pending arbitration. We find that the trial court should have sustained RSI's motion. We therefore reverse and remand for the trial court to stay the proceedings until arbitration of the dispute between RSI and Flapjack has been completed.

## I. Facts and Procedural History

{¶ 2} Beginning in or around September 2016, RSI served as general contractor for the construction of an International House of Pancakes restaurant in Huber Heights, on a parcel owned—at the time—by Flapjack. Compl. ¶ 3-4; Answer and Cross-claims

of Restaurant Specialties, Inc. 2, Jan. 2, 2018 [hereinafter *RSI's Answer*];[1] Am. Answer and Cross-claims of Flapjack2 Holding Company, LLC 12, Dec. 14, 2017 [hereinafter *Flapjack's Am. Answer*];[2] Brief of Appellant, Restaurant Specialties, Inc. 7 [hereinafter *RSI's Brief*]. The project was completed on or about August 19, 2017. RSI's Br. 8; RSI's Answer 14; Answer of Flapjack2 Holding Company, LLC to Cross-claims of Restaurant Specialties, Inc. ¶ 29, Jan. 31, 2018.

{¶ 3} Plaintiffs-appellees, Fayette Drywall, Inc. ("Fayette Drywall") and Hotopp Excavating, Inc. ("Hotopp Excavating"), worked on the project as subcontractors. *See* Compl. ¶ 1-2 and 4. On October 13, 2017, they filed a complaint against Flapjack; RSI; Dayton Fire Protection, Inc.; Del Tedesco Tile & Construction Corp.; Ernst Enterprises, Inc.; J.M.D. Architectural Products, Inc.; the Montgomery County Treasurer; John R. Oettinger, Trustee of the Oettinger 1979 Trust; and Stevenson Utilities Construction, LLC. *Id.* at ¶ 3-5. Presenting causes of action for breach of contract, unjust enrichment, foreclosure on mechanic's liens, and violation of R.C. 4113.61, Fayette Drywall and Hotopp Excavating allege that RSI has not paid them in full for the labor and materials they provided, and that the other parties have, or may have, an interest in the case. *See id.* at ¶ 4-5.

{¶ 4} Flapjack subsequently asserted cross-claims against RSI, and RSI reciprocated with cross-claims against Flapjack. Flapjack's Am. Answer 12-19; RSI's

---

[1] RSI's Answer is cited in this decision by page number, rather than by paragraph number.

[2] Flapjack's Amended Answer is cited in this decision by page number, rather than by paragraph number.

Answer 11-18. These cross-claims relate to a contract between the two entities executed on or about September 30, 2016 (the "Contract"), whereby Flapjack engaged RSI to act as general contractor. *See* Flapjack's Am. Answer 12-13 and Ex. A; RSI's Answer 11. Article 13.3 of the Contract states that when "the parties are otherwise unable to resolve [a dispute] through mediation [or informal negotiations], * * * the * * * dispute shall be resolved through arbitration." *See* Flapjack's Am. Answer, Ex. A; *see also* RSI's Answer 15-16.

{¶ 5} RSI formally invoked Article 13.3 of the Contract on or about January 5, 2018, by serving Flapjack with a written demand for arbitration, and on January 22, 2018, RSI moved under R.C. 2711.02(B) for a stay of all further proceedings before the trial court until the arbitration could be completed. *See* Motion of Defendant, Restaurant Specialties, Inc., to Stay Proceedings Pending Arbitration 3-4 and Ex. B, Jan. 22, 2018. Flapjack and John R. Oettinger submitted memoranda in support of RSI's motion.[3] Ernst Enterprises, Inc.; Fayette Drywall; Hotopp Excavating; J.M.D. Architectural Products, Inc.; and Stevenson Utilities Construction, LLC submitted memoranda in opposition. The trial court overruled RSI's motion in its final order of June 15, 2018.

{¶ 6} On July 12, 2018, Flapjack and RSI filed a notice of appeal. Each has filed a brief on its own behalf, as has Defendant-appellee, Ernst Enterprises, Inc.[4] Plaintiffs-appellees, Fayette Drywall and Hotopp Excavating, have filed a joint brief, and

---

[3] Oettinger's memorandum offered only equivocal support for the motion, and Oettinger has not submitted a brief on behalf of the Oettinger 1979 Trust.

[4] The brief filed by Ernst Enterprises, Inc. does not satisfy the requirements of App.R. 16(A)-(B) and 19(A).

Defendants-appellees, Del Tedesco Tile & Construction Corp. and J.M.D. Architectural Products, Inc., have filed notices in which they announce their support for the position taken by Fayette Drywall and Hotopp Excavating.[5]

## II. Analysis

**{¶ 7}** Flapjack raises one assignment of error, contending that:

THE TRIAL COURT ERRED BY DENYING THE MOTION OF DEFENDANT RESTAURANT SPECIALTIES, INC. FOR A STAY PENDING ARBITRATION AND BY NOT STAYING THIS ACTION IN ITS ENTIRETY PENDING A DECISION IN THE ARBITRATION BETWEEN RESTAURANT SPECIALTIES, INC. AND DEFENDANT FLAPJACK2 HOLDING COMPANY, LLC.

**{¶ 8}** RSI nominally raises two assignments of error. In the first of these, RSI contends that:

THE TRIAL COURT ERRED IN OVERRULING THE MOTION FOR STAY [sic] PENDING ARBITRATION OF RSI PURSUANT TO R.C. § [sic] 2711.02(B).

And in the second, it contends that:

THE TRIAL COURT ERRED UNDER R.C. § [sic] 2711.02(B) DENYING [sic] RSIS' [sic] MOTION FOR STAY [sic] OF THE ENTIRE ACTION PENDING ARBITRATION BECAUSE OF THE PRESENCE OF

---

[5] Before the trial court, Del Tedesco Tile & Construction Corp. did not file a corresponding memorandum in opposition to RSI's motion; inversely, Stevenson Utilities Construction, LLC did file a memorandum in opposition but has not participated in this appeal.

NON-ARBITRABLE CLAIMS AND PARTIES.

**{¶ 9}** Simply put, Flapjack and RSI argue that the trial court erred by overruling RSI's motion for a stay, despite its finding that the Contract requires arbitration of their dispute, because the provisions of R.C. 2711.02(B) are non-discretionary. *See* RSI's Br. 11-12; Brief of Appellant, Flapjack2 Holding Company, LLC 4-5 [hereinafter *Flapjack's Brief*]. Fayette Drywall and Hotopp Excavating offer two arguments in response: (1) the trial court correctly found a stay to be unwarranted because "the claims of [the plaintiffs] and [the] other subcontractors * * * are separate and distinct from any disagreement" between Flapjack and RSI; and (2) a stay pursuant to R.C. 2711.02(B) is unavailable in this case because some of their claims, along with some of the other parties' claims, are based upon mechanic's liens. Appellees' Br. 9-11; Decision, Order and Entry Overruling the Motion of Defendant, Restaurant Specialties, Inc. for a Stay of Proceedings Pending Arbitration 2, June 15, 2018 [hereinafter *Final Order*]. The brief filed by Ernst Enterprises, Inc. consists of an essay extolling the importance of mechanic's liens but includes no discussion of the relevant questions of law. *See* Brief of Ernst Enterprises, Inc. 5-8.

**{¶ 10}** According to R.C. 2711.02(B):

If any action is brought upon <u>any issue referable to arbitration</u> under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, <u>shall</u> on application of one of the parties <u>stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement</u>, provided the

applicant for the stay is not in default in proceeding with arbitration.

(Emphasis added.) In other words, to demonstrate that a case should be stayed pursuant to the statute, an applicant must show that it is a party to a contract in writing; that the contract includes an arbitration provision; that an issue presented in the case is referable to arbitration under the contract; and that the applicant itself "is not in default in proceeding with [the] arbitration." *Id.* The statute allows a court no discretion to deny an application for a stay where the applicant makes the required showing. *See, e.g., Dorrian v. Scioto Conservancy Dist.*, 27 Ohio St.2d 102, 271 N.E.2d 834 (1971), paragraph one of the syllabus (noting that for purposes of statutory construction, "the word 'shall' shall be construed as mandatory unless there appears a clear and unequivocal legislative intent" that the word be interpreted contrary to its "ordinary usage").

{¶ 11} Here, the trial court found that RSI and Flapjack were parties to the Contract; that the Contract included an arbitration agreement; and that the dispute between RSI and Flapjack had to be submitted to arbitration under the agreement. *See* Final Order 1. The court nevertheless overruled RSI's motion for a stay inasmuch as it deemed the dispute between RSI and Flapjack to be "separate and distinct" from the claims raised by the other parties. *Id.* at 2.

{¶ 12} No challenge has been offered to the findings of fact implicit in the trial court's final order, which in any event, are supported by the record. The Contract, which is in writing, includes an arbitration agreement in Article 13, and neither Flapjack nor RSI contests the validity of the Contract in general, or the enforceability of the arbitration agreement in particular. Furthermore, RSI's dispute with Flapjack, which concerns

Flapjack's alleged failure to pay as agreed for "labor, materials and supervision" provided by RSI in addition to its original obligations under the Contract, is referable to arbitration under the Contract's arbitration agreement. Motion of Defendant, Restaurant Specialties, Inc., to Stay Proceedings Pending Arbitration 2; *see also* Flapjack's Am. Answer, Ex. A. Article 1 of the Contract defines the term "dispute" as a "disagreement between the parties including, but not limited to, [a request from RSI for an increase in compensation or an extension of time to fulfill its contractual obligations] that is rejected by [Flapjack]"; pursuant to Article 13.3, all such disputes arising under the Contract "shall be resolved through arbitration." Flapjack's Am. Answer, Ex. A. Flapjack's Am. Answer, Ex. A. Moreover, given that the arbitration had not yet begun when RSI filed its motion for a stay, RSI could not have been in default in proceeding with arbitration at that time, and none of the parties to this appeal has provided any evidence, or even alleged, that RSI has since defaulted in proceeding with arbitration.

{¶ 13} Fayette Drywall and Hotopp Excavating argue that the trial court correctly overruled RSI's motion because the dispute between RSI and Flapjack is a discrete issue with respect to the other parties' claims, and because R.C. 2711.01(B)(1) states that the provisions of R.C. 2711.01 through R.C. 2711.16 " 'do not apply to controversies involving the title to or the possession of real estate.' "[6] (Emphasis omitted.) Appellees' Br. 11, quoting R.C. 2711.01(B)(1). To the extent that an action for foreclosure arising from a mechanic's lien is a controversy involving title to, or possession of, real estate, the arguments made by Fayette Drywall and Hotopp Excavating have some merit. *See, e.g.,*

---

[6] The statute sets forth five exceptions that are not applicable to the matter at hand. *See* R.C. 2711.01(B)(1)(a)-(e).

*Milling Away, LLC v. UGP Properties, LLC*, 8th Dist. Cuyahoga No. 95751, 2011-Ohio-1103, ¶ 16-19 (noting that an action for foreclosure on a mechanic's lien is not subject to arbitration).

{¶ 14} Yet, the "presence of non-arbitrable claims and parties who cannot be compelled to arbitrate is not a valid basis to deny a stay pending arbitration." *Estate of Younce v. Heartland of Centerville*, 2016-Ohio-2965, 65 N.E.3d 192, ¶ 46 (2d Dist.); *see also, e.g., Gustavus, LLC v. Eagle Invests., LLC*, 2d Dist. Montgomery No. 24899, 2012-Ohio-1433, ¶ 16-21 and 44; *Milling Away* at ¶ 16-19; *Cheney v. Sears, Roebuck and Co.*, 10th Dist. Franklin No. 04AP-1354, 2005-Ohio-3283, ¶ 10-12. In the *Milling Away* case, which is closely analogous to the instant action, the trial court dismissed the case on the motion of defendants-appellees, who had requested a stay pending arbitration as an alternative to dismissal; the Eighth District Court of Appeals held that the trial court erred by dismissing the case on the basis of certain, non-arbitrable claims arising from mechanic's liens "instead of staying the matter pending arbitration" of the remaining claims, which were subject to arbitration. *Milling Away* at ¶ 1-6 and 16-19. Thus, the arguments offered by Fayette Drywall and Hotopp Excavating in support of the trial court's final order are unavailing.

{¶ 15} A "trial court has broad discretion to issue procedural orders to regulate * * * litigation," which includes "staying an action in the interest of administering efficient justice." *Huber v. Lincoln Benefit Life Co.*, 2d Dist. Montgomery No. 26570, 2015-Ohio-3390, ¶ 4. Although a trial court's "discretionary action[s] [are generally] reviewed by [an] appellate court [under the] abuse of discretion standard," here the parties challenge only the trial court's construction of R.C. 2711.02(B), a question of law that we review de novo.

*See Gustavus* at ¶ 12; *compare with Huber* at ¶ 4-5. Accordingly, we find that the court erred as a matter of law by overruling RSI's motion for a stay.[7] The motion satisfied the requirements of R.C. 2711.02(B), and as a result, the trial court was required under the statute to order a stay pending arbitration of the dispute between RSI and Flapjack. Appellants' assignments of error are sustained.

### III. Conclusion

{¶ 16} The trial court erred by overruling RSI's motion for a stay. Therefore, the trial court's order of June 15, 2018, is reversed, and this case is remanded to the trial court with instructions to enter a stay until the arbitration of the dispute between RSI and Flapjack has been completed.

. . . . . . . . . . . . .

WELBAUM, P.J., concurs.

HALL, J., concurring in judgment only.

Copies sent to:

Matthew J. Bakota
Richard L. Carr, Jr.
Eric Dauber
Anne Frayne
Joshua Gillum
Gillum Construction, LLC
Richard Heil
Channing M. Kordik

---

[7] The outcome would be no different even under the abuse of discretion standard because an erroneous application of law is intrinsically arbitrary or unreasonable. *See, e.g., State v. Heisey*, 2015-Ohio-4610, 48 N.E.3d 157, ¶ 23 (2d Dist.).

James G. Kordik
Raymond W. Lembke
Jacob H. Levine
David K. Lowe
Dale Markowitz
Bridey Matheney
Michele Phipps
Kevin C. Rouch
Thomas B. Talbot, Jr.
Hon. Barbara P. Gorman