[Cite as *Fayette Drywall, Inc. v. Oettinger*, 2020-Ohio-6641.]

## IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

|  |  |
|---|---|
| FAYETTE DRYWALL, INC., et al. : | |
| : | Appellate Case No. 28636 |
| Plaintiffs-Appellees : | |
| : | Trial Court Case No. 2017-CV-4804 |
| v. : | |
| : | (Civil Appeal from |
| JOHN R. OETTINGER, TRUSTEE, et : | Common Pleas Court) |
| al. : | |
| : | |
| Defendants-Appellants : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 11th day of December, 2020.

. . . . . . . . . .

GERHARDT A. GOSNELL II, Atty. Reg. No. 0064919 & DAMION M. CLIFFORD, Atty. Reg. No. 0077777, 115 West Main Street, 4th Floor, Columbus, Ohio 43215
        Attorneys for Plaintiffs-Appellants Flapjack2 Holding Company, LLC and Michael Dixson

DALE H. MARKOWITZ, Atty. Reg. No. 0016840 & BRIDEY MATHENY, Atty. Reg. No. 0070998, 100 Seventh Avenue, Suite 150, Chardon, Ohio 44023
        Attorneys for Defendant-Appellee John R. Oettinger, Trustee

DAVID K. LOWE, Atty. Reg. No. 0003179, 1500 West Third Avenue, Suite 310, P.O. Box 12310, Columbus, Ohio, 43212 Chardon, Ohio 44023
        Attorney for Defendant-Appellee Restaurant Specialties, Inc.

. . . . . . . . . . . . .

FROELICH, J.

{¶ 1} Flapjack2 Holding Company, LLC ("Flapjack") and its principal, Michael Dixson, jointly appeal from the trial court's order that determined Flapjack had waived its right to arbitration, vacated the stay in this matter, and returned the case to that court's active docket. The order of the trial court will be affirmed.

## Factual and Procedural Background

{¶ 2} In October 2017, Fayette Drywall, Inc. and Hotopp Excavating, Inc. filed suit in the Montgomery County Court of Common Pleas against John R. Oettinger, Trustee of the Oettinger 1979 Trust ("the Trust"), along with Flapjack and Restaurant Specialties Inc. ("RSI").[1] Among other causes of action, the suit included claims for breach of contract and to foreclose on mechanics liens, all related to the plaintiffs' having not been paid for their roles in the construction of an IHOP restaurant for which RSI was the general contractor and Flapjack was the restaurant developer. Flapjack originally owned the property on which the restaurant was constructed, but it sold that property to the Trust before the lawsuit was filed. In response to the complaint, the Trust filed a third-party complaint against Dixson.

{¶ 3} When this litigation began, RSI and Flapjack already were embroiled in a dispute about the construction contract governing the IHOP project. RSI moved to stay the current suit brought by Fayette Drywall and Hotopp in its entirety, to allow RSI and Flapjack to arbitrate their dispute before this case proceeded. (*See* 1/22/18 Motion to Stay

---

[1] The case also involved other defendants that are not relevant for purposes of this appeal.

Proceedings Pending Arbitration.) Flapjack supported that request. (2/9/18 [Flapjack's] Response * * * to [RSI]'s Motion to Stay Proceedings Pending Arbitration.) RSI's motion relied on an arbitration provision within the construction contract, which states in part as follows:

> In those instances where the parties are otherwise unable to resolve their dispute through mediation and then [sic] the parties' dispute shall be resolved through arbitration. Arbitration shall be administered by the American Arbitration Association in accordance with its Construction Industry Arbitration Rules in effect on the date of the Contract unless the parties mutually agree to administrate [sic] under different rules. Demands for arbitration shall be made in writing and must be sent to the other Party, and filed with the person or entity administering the arbitration. * * *

(*Id.*, Exh. A, "Construction Contract," p. 36, Art. 13.3.)

{¶ 4} Determining that the dispute between RSI and Flapjack was "separate and distinct" from the plaintiffs' claims, the trial court denied the motion to stay. (6/15/18 Decision, Order and Entry Overruling [RSI]'s Motion to Stay Proceedings Pending Arbitration.) RSI and Flapjack appealed. On January 11, 2019, we reversed the trial court's order, stating:

> The trial court erred by overruling RSI's motion for a stay. Therefore, the trial court's order of June 15, 2018, is reversed, and this case is remanded to the trial court with instructions to enter a stay until the arbitration of the dispute between RSI and Flapjack has been completed.

*Fayette Drywall, Inc. v. Oettinger*, 2d Dist. Montgomery No. 28059, 2019-Ohio-48, ¶ 16.

On January 25, 2019, the trial court issued an order imposing a stay as directed by this Court.

{¶ 5} Shortly before the stay order was issued, RSI moved in the trial court to waive arbitration and vacate the stay of proceedings. (1/21/19 Motion to Waive Arbitration and Vacate Stay.) In support, RSI offered the affidavit of its trial counsel, who attested that RSI and Flapjack had agreed in February 2018 to arbitrate their dispute through an agreed independent arbitrator, but Flapjack then failed to pay its required initial deposit toward the arbitration fee in accordance with the arbitration agreement. (Affidavit of David K. Lowe, Esq. ¶ 3-7.) RSI's counsel further attested that Flapjack's trial attorney moved to withdraw on August 9, 2018, and that no new attorney appeared on Flapjack's behalf before the scheduled arbitration date of September 17, 2018. (*Id.* at ¶ 8-10.) As a result, the arbitration was rescheduled to the week of January 14, 2019. However, on December 7, 2018, Dixson indicated to the arbitrator and RSI's attorney that Flapjack did not wish to proceed with arbitration, and Flapjack also had not acquired new counsel or taken other measures in furtherance of arbitration. (*Id.* at ¶ 11-15.) According to the affidavit, on January 27, 2019, the arbitrator, on whom the parties had agreed, advised RSI that he would not serve in that capacity because he never received Flapjack's deposit. (*Id.* at ¶ 16.)

{¶ 6} On February 7, 2019, new counsel appeared for Flapjack and Dixson and responded to RSI's motion to waive arbitration. Flapjack and Dixson argued that RSI's request was precluded by "judicial estoppel and the law of the case doctrine." (2/7/19 [Flapjack] and [Dixson]'s Memorandum in Opposition to [RSI]'s Motion to Waive Arbitration, p. 1.) They further asserted that Flapjack "did not knowingly and intentionally

agree to waive its contractual right to arbitration." (*Id.* at p. 4.) In reply, RSI contended that Flapjack did waive its right to arbitration by breaching the terms of the arbitration agreement.

{¶ 7} RSI sought to waive arbitration, to have the stay vacated, and to proceed with the pending lawsuit. Similar testimony was elicited from the witnesses RSI presented at a hearing before the trial court on the subject motion. (*See* Tr. of 6/5/19 hearing.) Flapjack and Dixson introduced no evidence at that hearing.

{¶ 8} Finding that Flapjack "did not do its part to ensure that the arbitration was conducted," the trial court concluded that Flapjack "ha[d] waived its right to arbitrate the dispute with RSI." (11/19/19 Decision, Order and Entry Sustaining Defendant [RSI]'s Motion to Waive Arbitration and Vacate Stay; Vacating Stay, p. 6, 7.) The court therefore vacated the existing stay and directed the matter to proceed on the court's active docket. (*Id.* at p. 7.)

{¶ 9} Flapjack and Dixson appeal from that decision,[2] setting forth these two assignments of error:

1) The trial court erred in not entering a stay until the arbitration of the dispute between RSI and Flapjack had been completed.

2) The trial court abused its discretion in concluding that Flapjack waived its right to arbitrate its dispute with RSI.

**Assignment of Error #1 – Vacating Stay Prior to Arbitration**

---

[2] A trial court determination that a party has waived arbitration under an arbitration agreement is a final appealable order by virtue of R.C. 2711.02(C). *Reyna Capital Corp. v. McKinney Romeo Motors, Inc.*, 2d Dist. Montgomery No. 24538, 2011-Ohio-6806, ¶ 35.

{¶ 10} Flapjack and Dixson first argue that the trial court erred because both the law of the case doctrine and the doctrine of judicial estoppel require that this matter proceed to arbitration. More specifically, they urge that the trial court lacked authority to deviate from this Court's remand instructions, and that RSI's prior request for a stay pending the completion of arbitration precludes it from now advancing a contrary position.

*a. Standard of Review*

{¶ 11} A review to determine whether a court properly applied the law of the case doctrine presents a question of law to which a de novo standard of review applies. *Giancola v. Azem*, 153 Ohio St.3d 594, 2018-Ohio-1694, 109 N.E.3d 1194, ¶ 13, citing *Arnott v. Arnott*, 132 Ohio St.3d 401, 2012-Ohio-3208, 972 N.E.2d 586, ¶ 17. However, because "judicial estoppel is an equitable doctrine that a court may invoke at its discretion," *Independence v. Office of the Cuyahoga Cty. Executive*, 142 Ohio St.3d 125, 2014-Ohio-4650, 28 N.E.3d 1182, ¶ 29, we review decisions regarding the application of that doctrine for an abuse of discretion. *See Saha v. Research Inst. at Nationwide Children's Hosp.*, 10th Dist. Franklin No. 18AP-661, 2019-Ohio-1792, ¶ 31, citing *Independence*. The term "abuse of discretion" implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

*b. Applicable Law*

{¶ 12} Pursuant to the law of the case doctrine, "the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Nolan v. Nolan*, 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984). That doctrine "precludes a litigant from attempting to

rely on arguments * * * which were *fully pursued, or available to be pursued*," in a prior proceeding. (Emphasis added.) *Hubbard ex rel. Creed v. Sauline,* 74 Ohio St.3d 402, 404-405, 659 N.E.2d 781 (1996). Thus, "[t]he doctrine of law of the case comes into play only with respect to issues previously determined." *Quern v. Jordan*, 440 U.S. 332, 347, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979), fn. 18, citing *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 16 S.Ct. 291, 40 L.Ed. 414 (1895). On remand, "a trial court * * * confronted with substantially the same facts and issues as were involved in the prior appeal * * * is bound to adhere to the appellate court's determination of the applicable law," *Nolan* at 3, but that court "may consider and decide any matters left open by the mandate of [the appellate] court." *Quern* at 347, fn.18, quoting *Sanford Fork & Tool* at 256.

{¶ 13} Among the reasons that may warrant deviating from the law of the case is a change of circumstances. *See, e.g., State v. Davis,* 139 Ohio St.2d 122, 2015-Ohio-1615, 9 N.E.3d 1031, ¶ 29; *State v. DeVaughns*, 2d Dist. Montgomery No. 28370, 2020-Ohio-2850, ¶ 15. In addition, the law of the case doctrine "is considered to be a rule of practice rather than a binding rule of substantive law and will not be applied so as to achieve unjust results." *Nolan* at 3.

{¶ 14} In contrast, the doctrine of judicial estoppel "forbids a party 'from taking a position inconsistent with one successfully and unequivocally asserted by the same party in a prior proceeding.' " *Greer-Burger v. Temesi,* 116 Ohio St.3d 324, 2007-Ohio-6442, 879 N.E.2d 174, ¶ 25, quoting *Griffith v. Wal-Mart Stores, Inc.,* 135 F.3d 376, 380 (6th Cir.1998). As characterized by another Ohio appellate court, "[j]udicial estoppel involves an attempt to deceive the court itself." *Zapor Architects Group, Inc. v. Riley*, 7th Dist. Jefferson No. 03JE27, 2004-Ohio-3201, ¶ 19. Judicial estoppel "applies only when a party

shows that his opponent: (1) took a contrary position; (2) under oath in a prior proceeding; and (3) the prior position was accepted by the court." *Cavins v. S & B Health Care, Inc.*, 2015-Ohio-4119, 39 N.E.3d 1287, ¶ 84 (2d Dist.), quoting *Smith v. Dillard Dept. Stores, Inc.,* 139 Ohio App.3d 525, 533, 744 N.E.2d 1198 (8th Dist.2000), citing *Griffith* at 380 and *Teledyne Indus., Inc. v. Natl. Labor Relations Bd.,* 911 F.2d 1214, 1217 (6th Cir.1990).

 *c. Analysis*

**{¶ 15}** Here, the trial court's decision to vacate the stay and bypass arbitration did not defy the law of the case doctrine. A trial court generally enjoys some degree of latitude in effectuating an appellate court's remand order. *See, e.g., Huntington Natl. Bank v. Payson,* 2d Dist. Montgomery No. 26396, 2015-Ohio-1976, ¶ 35; *State v. Chaffin*, 2d Dist. Montgomery No. 25220, 2014-Ohio-2671, ¶ 14. The court's discretion in that regard is even broader as to matters that were not "available to be pursued" among a party's arguments on appeal. *See Sauline,* 74 Ohio St.3d at 404-405, 659 N.E.2d 781.

**{¶ 16}** On remand, this trial court was not presented with "substantially the same facts and issues as were involved in the prior appeal," and therefore was not bound to adhere to our directive that the matter be stayed until arbitration was completed. *See Nolan*, 11 Ohio St.3d at 3, 462 N.E.2d 410. Instead, the change of circumstances regarding Flapjack's participation in the arbitration process – specifically, Flapjack's failure to engage in actions necessary for arbitration to proceed – was so substantial as to justify the trial court's exercising its discretion to deviate from the specific directive included in the remand order. The law of the case doctrine did not govern in this instance.

**{¶ 17}** The trial court also did not abuse its discretion by failing to apply the doctrine

of judicial estoppel to foreclose RSI from waiving arbitration rather than adhering to the arbitration procedure it previously sought. Notably, when RSI first requested a stay in order to pursue arbitration, Flapjack had not yet engaged in the conduct that prevented arbitration from occurring – i.e., Flapjack still was represented by counsel and no arbitration fee payment had been requested but left unpaid. RSI's early request that its dispute be sent to arbitration thus was not inconsistent with its later claim that Flapjack's actions had prevented arbitration from moving ahead. RSI therefore cannot be said to have changed positions in an attempt to deceive the trial court; rather, the changed circumstances created by Flapjack's failure to comply with the terms of the arbitration agreement reached between it and RSI constituted a valid reason for RSI to seek to forgo arbitration, and a valid reason for the trial court to decline to find that RSI was judicially estopped from waiving arbitration and seeking to vacate the stay.

{¶ 18} Flapjack and Dixson's first assignment of error is overruled.

### Assignment of Error #2 – Finding that Flapjack Waived Arbitration

{¶ 19} In their second assignment of error, Flapjack and Dixson assert that the trial court abused its discretion in concluding that Flapjack waived its right to arbitration. Maintaining that the record fails to demonstrate that Flapjack knowingly and intentionally relinquished that right, they observe that Flapjack raised the binding arbitration provision as an affirmative defense to the lawsuit and had only limited engagement in the litigation beyond efforts aimed at arbitrating its claims. They also urge that no party would be prejudiced by staying the case until arbitration has occurred, as only the Trust's and RSI's claims against Flapjack and Dixson remain, and no discovery has taken place between RSI and Flapjack.

*a. Standard of Review*

{¶ 20} When determining whether a party has waived its right to arbitration under a contractual agreement, we review for an abuse of discretion. *Paulozzi v. Parkview Custom Homes, LLC*, 2018-Ohio-4425, 122 N.E.3d 643, ¶ 12 (8th Dist.), citing *Heeden v. Autos Direct Online, Inc.*, 2014-Ohio-4200, 19 N.E.3d 957, ¶ 9 (8th Dist.) and *McCaskey v. Sanford-Brown College*, 8th Dist. Cuyahoga No. 97261, 2012-Ohio-1543. As " 'the question of waiver is usually a fact-driven issue[,] * * * an appellate court will not reverse' the trial court's decision 'absent a showing of an abuse of discretion.' " *Murtha v. Ravines of McNaughton Condominium Assn.*, 10th Dist. Franklin No. 09AP-709, 2010-Ohio-1325, ¶ 20, quoting *ACRS, Inc. v. Blue Cross & Blue Shield of Minnesota*, 131 Ohio App.3d 450, 722 N.E.2d 1040 (8th Dist.1988).

*b. Applicable law*

{¶ 21} "Arbitration is encouraged as a method to settle disputes, and a presumption favoring arbitration arises when the claim in dispute falls within the scope of an arbitration provision." *Baker v. Schuler,* 2d Dist. Clark No. 2002-CA-20, 2002-Ohio-5386, ¶ 30, citing *Williams v. Aetna Fin. Co.,* 83 Ohio St.3d 464, 700 N.E.2d 859 (1998). Still, "[l]ike any other contractual right, the right to arbitrate may be waived." *Murtha* at ¶ 20, citing *Rock v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 79 Ohio App.3d 126, 128, 606 N.E.2d 1054 (8th Dist.1992). Given Ohio's policy favoring arbitration, the party asserting a waiver bears the burden of proving it. *Id.*

{¶ 22} To prove waiver, a party seeking such must show "(1) the waiving party knew of the existing right to arbitrate; and (2) the totality of the circumstances demonstrates the waiving party acted inconsistently with that known right." *Murtha* at ¶

21, citing *Atkinson v. Dick Masheter Leasing, II, Inc.*, 10th Dist. Franklin No. 01AP-1016, 2002-Ohio-2499, ¶ 18. "To determine whether the totality of the circumstances supports waiver, courts consider (1) whether the party seeking arbitration invoked the jurisdiction of the trial court by filing a complaint, counterclaim, or third-party complaint without asking for a stay of the proceedings; (2) the delay, if any, by the party seeking arbitration to request a stay of proceedings or an order compelling arbitration; (3) the extent to which the party seeking arbitration has participated in the litigation, including the status of discovery, dispositive motions, and the trial date; and (4) any prejudice to the nonmoving party due to the moving party's prior inconsistent actions." *Id.* at ¶ 22, citing *Tinker v. Oldaker,* 10th Dist. Franklin No. 03AP-671, 2004-Ohio-3316, ¶ 20. "[N]o one factor is controlling in a totality of the circumstances analysis." *Pinnell v. Cugini & Cappoccia Builders, Inc.*, 10th Dist. Franklin No. 13AP-579, 2014-Ohio-669, ¶ 20.

### c. Analysis

{¶ 23} The trial court did not abuse its discretion in determining that Flapjack waived its right to arbitration. It is undisputed that Flapjack was aware of the existence of that right, and the record supports the trial court's conclusion that Flapjack "acted inconsistently with that known right." *See Murtha* at ¶ 21. While we acknowledge that Flapjack has engaged only minimally in defending this litigation and that the request for a stay to permit arbitration was filed early in the case (although by RSI, not by Flapjack), those factors alone are not dispositive of the waiver issue. *See id.* at ¶ 22; *Pinnell* at ¶ 20. We cannot say that the trial court acted unreasonably, arbitrarily, or unconscionably by placing heavy emphasis on Flapjack's failure to undertake the measures necessary to allow arbitration to move forward as originally scheduled, or as rescheduled. Specifically,

Flapjack's delay in executing the arbitration agreement reached with RSI, its failure to submit the required arbitration deposit, and its failure to timely secure new counsel upon existing counsel's withdrawal all supported the trial court's conclusion that Flapjack intentionally acted in derogation of the right to arbitrate.

{¶ 24} Furthermore, we agree with the trial court's conclusion that RSI has been prejudiced by the delays attributable to Flapjack. RSI expended considerable resources not only in having its attorney negotiate an alternative arbitration agreement with Flapjack and coordinate the arbitration scheduling through an independent arbitrator, but also in negotiating settlements with other parties to the lawsuit – significantly, negotiations in which Flapjack and Dixson refused to participate. The Trust, too, arguably has been prejudiced by Flapjack's delaying the arbitration proceeding while simultaneously declining to engage in resolving the pending lawsuit.

{¶ 25} Considering the totality of the circumstances, the trial court acted within the scope of its discretion by concluding that Flapjack knowingly and intentionally waived its right to mandatory arbitration. Flapjack's and Dixson's second assignment of error is overruled.

### Conclusion

{¶ 26} The trial court did not err by finding that Flapjack waived its right to arbitration, vacating the stay, and directing the matter to proceed on that court's active docket. The assignments of error raised by Flapjack and Dixson are overruled, and the order of the trial court will be affirmed.

. . . . . . . . . . . .

HALL, J. and WELBAUM, J., concur.


Copies sent to:

Gerhardt A. Gosnell II
Damion Clifford
Dale H. Markowitz
Bridey Matheny
David K. Lowe
Anne M. Frayne
Kevin Rouch
Thomas B. Talbot
Richard Carr
Matthew Bakota
Gillum Construction, LLC
Joshua Gillum
James Kordik
Channing Kordik
Michele Phipps
Adam Bennett
Richard Heil
Hon. Barbara P. Gorman