[Cite as *Jones v. Dlugos*, 2022-Ohio-1076.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

GREGORY A. JONES, ET AL.,               :

    Plaintiffs-Appellees,             :

                                          No. 110915

    v.                                :

KARL DLUGOS, ET AL.,                    :

    Defendants-Appellants.            :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 31, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-923954

---

### *Appearances:*

Karl Dlugos and Lisa Gottschalt, *pro se.*

JAMES A. BROGAN, J.:

{¶ 1} In this accelerated appeal,[1] the defendants-appellants Karl Dlugos and Lisa Gottschalt ("defendants") argue that the trial court erred when it found (1)

---

[1] This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc.App.R. 11.1. The purpose of an accelerated appeal is to allow this court to render a brief and conclusory opinion. *State v. Priest*, 8th Dist. Cuyahoga No. 100614, 2014-Ohio-1735, ¶ 14.

they lacked standing to pursue a counterclaim against the plaintiffs-appellees Gregory and Sharon Jones ("plaintiffs") on a land installment contract and (2) the doctrine of judicial estoppel barred the defendants' counterclaim.[2] For the following reasons, we affirm the lower court's decision.

**Factual and Procedural History**

{¶ 2} In February 2017, the plaintiffs and the defendants executed a land installment contract ("contract") for property located in North Olmsted, Ohio. Pursuant to the contract, the defendants submitted monthly payments to the plaintiffs of $772.64 on the fifteenth of each month. In February 2018, the defendants failed to submit their monthly payment on time. On February 22, 2018, the plaintiffs provided the defendants with written notice that the outstanding balance of $1,749.12 due under the contract must be submitted within ten days or else the defendants would be required to leave the premises. Failure to leave the premises would result in an eviction and forfeiture action.

{¶ 3} On March 5, 2018, the defendants paid $500 to the plaintiffs. On March 7, 2018, the plaintiffs filed a complaint in the Rocky River Municipal Court for forcible entry and detainer and forfeiture. On March 22, 2018, the defendants filed an answer that claimed, in part, that the plaintiffs accepted their $500 payment.

---

[2] The defendants have proceeded pro se throughout the entirety of the proceedings below as well as in this court.

**{¶ 4}** On March 26, 2018, the Rocky River Municipal Court magistrate conducted a trial. Following trial, the magistrate recommended judgment in favor of the plaintiffs on their first cause of action, forcible entry and detainer, because of the defendants' nonpayment of rent. The magistrate granted the defendants leave until April 16, 2018, to move to plead or to file an answer to the second cause of action, forfeiture.

**{¶ 5}** On April 2, 2018, the defendants filed a motion to stay eviction that the court denied on April 5, 2018. On April 5, 2018, the plaintiffs filed a writ of restitution to remove the defendants from the subject property and provide restitution of the premises to the plaintiffs. On the same day, the defendants filed a motion to set aside the magistrate's orders and stay the writ of restitution; the municipal court later denied those motions. On April 6, 2018, the municipal court issued a writ of restitution to the defendants.

**{¶ 6}** On April 12, 2018, the defendants filed objections to the magistrate's March 26, 2018 judgment that the municipal court denied. On April 13, 2018, the defendants filed an answer to the complaint's second cause of action and a counterclaim seeking compensation for, but not limited to, equity in the contract.

**{¶ 7}** On April 19, 2018, the defendants filed a complaint for Chapter 7 bankruptcy with the United States Bankruptcy Court, Northern District of Ohio, that resulted in an automatic stay of the municipal court case. Despite the automatic stay and pursuant to the previously issued writ of restitution, the defendants were erroneously removed from the subject premises on April 20, 2018. On April 23,

2018, in response to their removal from the premises, the defendants filed an emergency motion for contempt of court with the bankruptcy court stating the plaintiffs' repossession of the subject property was in violation of the bankruptcy court's automatic stay. The defendants ultimately regained possession of the premises. The defendants dismissed their bankruptcy case on May 1, 2018.

{¶ 8} On May 4, 2018, the Rocky River Municipal Court entered judgment for the plaintiffs and against the defendants on the plaintiffs' forcible entry and detainer action.

{¶ 9} On May 14, 2018, the defendants filed another bankruptcy action. The municipal court journalized an entry on May 15, 2018, that stated the action was stayed pending the defendants' second bankruptcy filing. On August 28, 2018, the bankruptcy court lifted the stay on the defendants' second bankruptcy filing and the eviction proceedings resumed.

{¶ 10} On October 4, 2018, the day set for the defendants' eviction, the defendants filed an emergency motion for stay of eviction in this court; they also filed an appeal in this court from the municipal court's judgment that granted the plaintiffs' forcible entry and detainer claim.[3] The defendants' emergency motion was denied on the same day it was filed, October 4, 2018. [4] Meanwhile, the eviction

---

[3] The clerk docketed the defendants' October 4, 2018 appeal as 8th Dist. Cuyahoga No. 107757.

[4] On October 5, 2018, the defendants filed a second notice of appeal in this court in 8th Dist. Cuyahoga No. 107766. On October 10, 2018, this court sua sponte dismissed the defendants' appeal 8th Dist. Cuyahoga No. 107766, because it was duplicative of their original appeal, 8th Dist. Cuyahoga No. 107757.

proceeded, the defendants were evicted on October 5, 2018, and the property was restored to the plaintiffs.

{¶ 11} On October 18, 2018, this court sua sponte dismissed the defendants' appeal as untimely. On October 23, 2018, the defendants filed a motion for reconsideration that this court granted on November 7, 2018, finding the defendants' appeal had been timely filed. Pursuant to this court's November 7, 2018 ruling, this court vacated the October 18, 2018 dismissal and reinstated the defendants' appeal. On November 26, 2018, this court sua sponte dismissed the defendants' case, finding an appeal from a forcible entry and detainer action where the defendants have been evicted from the premises is moot.

{¶ 12} On December 4, 2018, the defendants filed a motion for reconsideration that this court granted on December 19, 2018. This court subsequently rendered a decision that found because the defendants had vacated the property, their contentions relating to the alleged impropriety of their eviction was moot. *Jones v. Dlugos*, 8th Dist. Cuyahoga No. 107757, 2019-Ohio-3039, ¶ 12. The defendants filed a motion for reconsideration on July 31, 2019, that was denied on August 26, 2019.

{¶ 13} On September 4, 2019, the defendants filed a motion with the Rocky River Municipal Court to vacate the magistrate's March 26, 2018 recommendation as void ab initio. Because the March 26, 2018 recommendation granted restitution of the premises to the plaintiffs and the plaintiffs were currently in possession of the

premises, the municipal court, on September 30, 2019, denied the defendants' motion as moot.

{¶ 14} On October 7, 2019, the municipal court transferred the case to the Cuyahoga County Common Pleas Court because the defendants' counterclaim exceeded the municipal court's monetary jurisdiction. On November 27, 2019, the defendants filed an amended answer and counterclaim. On March 10, 2020, the defendants filed a second amended answer and counterclaim. On August 5, 2020, the trial court denied the plaintiffs' motion to file an amended complaint. On November 5, 2020, the trial court denied the defendants' motion for summary judgment.

{¶ 15} The case proceeded to an arbitration panel on January 20, 2021. The defendants appealed the arbitrator's report and award on February 23, 2021.

{¶ 16} On March 23, 2021, the trial court ordered the parties to brief the issue of whether the defendants had standing to pursue their counterclaim following the discharge of their assets in bankruptcy. The trial court issued a final opinion and order on September 14, 2021, that determined the defendants were devoid of standing and were judicially estopped from pursuing their counterclaim. Pursuant to that ruling, the trial court dismissed the defendants' counterclaim with prejudice.[5]

---

[5] The plaintiffs' complaint included a forcible entry and detainer action as well as a claim for forfeiture. Pursuant to the forcible entry and detainer action, the plaintiffs regained possession of the property.

At the time of the trial court's September 14, 2021 opinion, two claims remained before the court: (1) the plaintiffs' claim for forfeiture wherein they denied the defendants were entitled to any equity in the premises under the land installment contract and (2) the

On September 24, 2021, the defendants filed a motion for reconsideration of the final opinion and order.[6]

{¶ 17} On October 13, 2021, the defendants filed a timely appeal raising two assignments of error.[7] For the reasons stated below, we affirm.

## Legal Analysis

## Standing

{¶ 18} The defendants' first assignment of error argues that the trial court erred when it found the defendants' failure to disclose their counterclaim as an asset in their bankruptcy filings precluded them from subsequently pursuing the counterclaim against the plaintiffs.

{¶ 19} "[S]tanding is required to invoke the jurisdiction of the common pleas court." *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 3. "A determination of standing necessarily looks to the rights of the individual parties to bring the action, as they must assert a personal

defendants' counterclaim that sought damages, including equity interest in the property, pursuant to a breach of the contract.

The trial court's decision found the defendants lacked standing and were barred by judicial estoppel from pursuing their counterclaim. Absent a claim by the defendants that they were entitled to equity under the contract, the plaintiffs' forfeiture claim that denied the defendants held any equity in the property was moot. Because the trial court's decision dismissed the defendants' counterclaim and rendered the plaintiffs' forfeiture claim moot, the decision was a final appealable order. *See Scheel v. Rock Ohio Caesars Cleveland, L.L.C.*, 8th Dist. Cuyahoga No. 105037, 2017-Ohio-7174, ¶ 14 (where a trial court renders a judgment that adjudicates a claim in an action and that judgment renders moot the remaining claims, the judgment is a final appealable order).

[6] The trial court did not render a ruling on the defendants' motion for reconsideration.

[7] The plaintiffs have not filed an appellees brief.

stake in the outcome of the action in order to establish standing." *SW Acquisition Co. v. Akzo Nobel Paints, L.L.C.*, 2021-Ohio-309, 167 N.E.3d 591, ¶ 33 (8th Dist.), citing *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 550, ¶ 27. The issue of standing is reviewed de novo. *In re C.J.*, 8th Dist. Cuyahoga Nos. 94210 and 94233, 2010-Ohio-3202, ¶ 15, citing *Skirvin v. Kidd*, 174 Ohio App.3d 273, 2007-Ohio-7179, 881 N.E.2d 914, ¶ 14 (4th Dist.).

{¶ 20} The filing of a bankruptcy petition impacts standing. The commencement of a bankruptcy action creates an estate and the debtor is divested of essentially all property interests held at the time of the bankruptcy filing. *Hargreaves v. Carter*, 9th Dist. Summit No. 17450, 1996 Ohio App. LEXIS 1167, 4 (Mar. 27, 1996). All of a debtor's assets and liabilities, including civil causes of action, become the property of the bankruptcy estate. *Kinder v. Zuzak*, 11th Dist. Lake No. 2008-L-167, 2009-Ohio-3793, ¶ 12, citing *In re Cottrell*, 876 F.2d 540, 542 (6th Cir.1989); *Hargreaves* at 4, citing *In re Cottrell*. The bankruptcy trustee, rather than the debtor, then has standing to pursue all claims on behalf of the estate, except those claims that are abandoned. *Northland Ins. Co. v. Illum. Co.*, 11th Dist. Ashtabula Nos. 2002-A-0058 and 2002-A-0066, 2004-Ohio-1529, ¶ 18, citing *McGlone v. Blaha*, 4th Dist. Ross No. 99 CA 2533, 2000 Ohio App. LEXIS 6340, 6 (Nov. 17, 2000).

{¶ 21} The bankruptcy trustee determines the debtor's assets and liabilities based upon schedules submitted by the debtor. 11 U.S.C. 521(a)(1)(B). The asset and liability schedules include all legal or equitable interests in property the debtor

held when he filed the bankruptcy case. *Shefkiu v. Worthington Industries*, 2014-Ohio-2970, 15 N.E.3d 394, ¶ 16 (6th Dist.), quoting 11 U.S.C. 541(a)(1).

{¶ 22} The defendants argue their right to a counterclaim was disclosed and recorded within their bankruptcy petition. Specifically, the defendants argue that their claim for an equitable interest under the contract and their counterclaim represent the same asset and have the same value. The defendants contend that they listed their claim for an equity interest under the contract as an asset in the bankruptcy petition and, therefore, it is irrelevant that they did not also list the counterclaim.

{¶ 23} We do not agree. Within the bankruptcy schedule, the defendants listed their alleged equity interest under the contract as an asset with a value of $22,415. The defendants stated on the schedule that they had no contingent and unliquidated claims such as a counterclaim. Prior to the bankruptcy filing, the defendants filed a counterclaim to the forcible entry and forfeiture action that sought $22,720 for equity in the contract and repayment of incidental costs. Following the bankruptcy action, the defendants filed an amended counterclaim that sought their prepaid equity in the contract totaling $16,200; all monthly payments made prior to the initiation of the plaintiffs' lawsuit totaling $11,575; and the value of "significant land improvements made by defendants" totaling $15,800.[8] The value of the defendants' counterclaim was not equivalent to the alleged equity

_____

[8] The defendants' second amended complaint did not itemize the amounts they wanted to recover but stated they sought an amount in excess of $25,000.

interest and the defendants were obligated to declare the counterclaim as an asset. By including the counterclaim and all amounts the defendants could seek under that action on the bankruptcy schedule, the bankruptcy trustee could determine whether he should litigate the defendants' counterclaim in an attempt to recoup more assets in the estate for the benefit of creditors. *Chrysler Group, L.L.C. v. Dixon*, 8th Dist. Cuyahoga No. 104628, 2017-Ohio-1161, ¶ 23.

{¶ 24} The defendants' argument that they did not recognize the value of the land improvements until after the bankruptcy proceedings were discharged and the subject property was sold to a third party is unpersuasive. At the time the defendants filed for bankruptcy, their eviction was imminent. The defendants obtained a delay in the eviction by filing for bankruptcy. When they filed for bankruptcy, the defendants had to know about any alleged land improvements they had created on the subject property and were obligated to declare those assets at that time. The fact that the defendants had not yet specified those assets within their counterclaim was immaterial. *McLynas v. Karr*, 10th Dist. Franklin No. 03AP-1075, 2004-Ohio-3597, ¶ 14 (a plaintiff who has a claim to a personal injury action, but has not yet filed the lawsuit, must disclose the unliquidated cause of action as a bankruptcy asset).

{¶ 25} The defendants also argue that the bankruptcy trustee abandoned the counterclaim and, therefore, defendants may now pursue the cause of action. An asset must be listed in the debtor's schedule of assets and liabilities before it can be abandoned. *McGlone*, 4th Dist. Ross No. 99 CA 2533, 2000 Ohio App. LEXIS 6340;

*In re McCoy*, 139 B.R. 430, 432 (Bankr.S.D.Ohio 1991), citing *In re Fossey*, 119 Bankr. 268 (Bankr. D. Utah 1990). Here, the defendants omitted their counterclaim from the bankruptcy schedules by answering "no" on Exhibit B-2, which asks about the existence of "other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims." The defendants' failure to formally schedule the counterclaim prevents them from now arguing the trustee abandoned the claim.

{¶ 26} Here, the defendants omitted the counterclaim from their bankruptcy petition so that it did not become part of the bankruptcy estate. Thus, the trial court did not err when it determined the defendants lacked standing to pursue the counterclaim and, therefore, we overrule the defendants' first assignment of error.

**Judicial Estoppel**

{¶ 27} In their second assignment of error, the defendants argue that the trial court incorrectly determined that under the doctrine of judicial estoppel, the defendants could not pursue their counterclaim against the plaintiffs.

{¶ 28} "Judicial estoppel is an 'equitable doctrine meant to preserve the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship, achieving success on one position, then arguing the opposite to suit an exigency of the moment.'" *Eubanks v. CBSK Fin. Group, Inc.*, 385 F.3d 894, 897 (6th Cir.2004), quoting *Teledyne Indus., Inc. v. NLRB*, 911 F.2d 1214, 1218 (6th Cir. 1990). We review a trial court's application of judicial estoppel

for an abuse of discretion.  *Fayette Drywall, Inc. v. Oettinger*, 2020-Ohio-6641, 164 N.E.3d 556, ¶ 11 (2d Dist.).[9]

{¶ 29} To apply the doctrine of judicial estoppel, one must show that his opponent took a contrary position, under oath, in a prior proceeding, and the prior position was accepted by the court.  *Chrysler Group, L.L.C.*, 8th Dist. Cuyahoga No. 104628, 2017-Ohio-1161, ¶ 16, quoting *Greer-Burger v. Temesi*, 116 Ohio St.3d 324, 2007-Ohio-6442, 879 N.E.2d 174, ¶ 25.

{¶ 30} In the bankruptcy setting, the subsequent pursuit of a cause of action that was undisclosed in one's bankruptcy petition creates an inconsistency sufficient to warrant application of judicial estoppel.  *Chrysler Group, L.L.C.* at ¶ 18, citing *Eubanks* at 898.  However, judicial estoppel is inappropriate where the debtor's failure to disclose an asset was due to inadvertence or a mistake.  *Browning v. Levy*, 283 F.3d 761, 776 (6th Cir.2002).  "An omission may be deemed inadvertent where the debtor lacked knowledge of the factual basis of the undisclosed claims, had no motive for concealment, and the evidence supports an absence of bad faith."  *Moore v. Hodge*, 1st Dist. Hamilton No. C-180633, 2019-Ohio-4752, ¶ 12.  Motive may be inferred from knowledge that the debtor may have a possible cause of action.

---

[9]Judicial estoppel is an equitable doctrine applied at a trial court's discretion. *Independence v. Office of the Cuyahoga Cty. Executive*, 142 Ohio St.3d 125, 2014-Ohio-4650, 28 N.E.3d 1182, ¶ 29, citing *New Hampshire v. Maine*, 532 U.S. 742, 750, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001), quoting *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir.1990). A trial court's application of an equitable doctrine is reviewed under an abuse of discretion standard.  *Resco Holdings, L.L.C. v. AIU Ins. Co.*, 2018-Ohio-2844, 112 N.E.3d 503, ¶ 12 (8th Dist.), citing *KeyBank, N.A. v. MRN L.P.*, 193 Ohio App. 3d 424, 2011-Ohio-1934, 952 N.E.2d 532, ¶ 32 (8th Dist.).

*Chrysler Group, L.L.C.* at ¶ 19, quoting *In re Costal Plains, Inc.*, 179 F.3d 197 (5th Cir.1999).

{¶ 31} Here, the defendants took an inconsistent position when they failed to disclose a counterclaim as an asset in their bankruptcy proceeding and subsequently attempted to pursue that counterclaim against the plaintiffs. The record does not support a finding that the defendants' actions were due to inadvertence or mistake. As described above, the defendants had to know about the alleged land improvements they made on the property — one of the components of their counterclaim — when they filed for bankruptcy. The defendants' motive to conceal their counterclaim from the bankruptcy court can be inferred from the fact that any award or settlement from the counterclaim would result in a monetary gain to the defendants rather than having any proceeds become part of the bankruptcy estate. *See Greer-Burger,* 116 Ohio St.3d 324, 2007-Ohio-6442, 879 N.E.2d 174, ¶ 29.

{¶ 32} The defendants appear to argue that they informed the bankruptcy trustee at the 341 meeting about the counterclaim which they did not delineate in their bankruptcy petition.[10] However, "[t]he Code does not authorize debtors, or their counsel, to simply present words on the wind at a § 341 meeting or in any other circumstance." *In re Moore*, 175 B.R. 13, 17 (Bankr.S.D.Ohio 1994). Alleged oral

---

[10]During a bankruptcy proceeding, the bankruptcy trustee typically conducts a meeting of the creditors, also referred to as a 341 Meeting, where the debtor is examined under oath. *Rivera v. Crosby*, 194 Ohio App.3d 147, 2011-Ohio-2265, 954 N.E.2d 1292, ¶ 5, fn. 1 (8th Dist.); 11 U.S.C. 341.

disclosures to the bankruptcy trustee about the counterclaim was not an adequate substitute for identifying the asset within the mandatory bankruptcy filings. *Chrysler Group L.L.C.* at ¶ 26. The application of judicial estoppel was appropriate where the defendants attempted to pursue an asset — the counterclaim — but they failed to disclose the asset in bankruptcy and that failure was not attributable to inadvertence or a mistake.

{¶ 33} We find the trial court did not abuse its discretion when it found the defendants were judicially estopped from pursuing their counterclaim and, therefore, the defendants' second assignment of error is overruled.

{¶ 34} Judgment affirmed.

It is ordered that appellees recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
JAMES A. BROGAN, JUDGE*

SEAN C. GALLAGHER, P.J., and
LISA B. FORBES, J., CONCUR

*(Sitting by assignment:  James A. Brogan, J., retired, of the Second District Court of Appeals.)